```
 1              IN THE UNITED STATES DISTRICT COURT

 2            FOR THE NORTHERN DISTRICT OF CALIFORNIA

 3                      SAN JOSE DIVISION

 4
        AMAZON.COM, INC. ET AL,      )  CV-18-00767-BLF
 5                                   )
                      PLAINTIFF,     )  SAN JOSE, CALIFORNIA
 6                                   )
                 VS.                 )  APRIL 27, 2018
 7                                   )
        PERSONAL WEB TECHNOLOGIES, LLC )  PAGES 1-48
 8      ET AL,                       )
                                     )
 9                    DEFENDANT.     )
                                     )
10      _____

11                 TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE BETH LABSON FREEMAN
12                UNITED STATES DISTRICT JUDGE

13                  A P P E A R A N C E S

14

15      FOR THE PLAINTIFF:    BY:  MICHAEL SHERMAN
                                   SANDEEP SETH
16                                 WESLEY MONROE
                              STUBBS ALDERTON MARKILES, LLP
17                            15260 VENTURA BLVD., 20TH FLOOR
                              SHERMAN OAKS, CA 91403
18

19      FOR THE DEFENDANT:    BY:  J. DAVID HADDEN
        AMAZON                     PHILLIP HAACK
20                                 SAINA SHAMILOV
                              FENWICK & WEST LLP
21                            SILICON VALLEY CENTER
                              801 CALIFORNIA STREET
22                            MOUNTAIN VIEW, CA 94041

23      OFFICIAL COURT REPORTER:    SUMMER FISHER, CSR, CRR
                                    CERTIFICATE NUMBER 13185
24

25           PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                TRANSCRIPT PRODUCED WITH COMPUTER
```

| | | |
|---|---|---|
| | 1 | SAN JOSE, CALIFORNIA                    APRIL 27, 2018 |
| | 2 | P R O C E E D I N G S |
| | 3 | (COURT CONVENED AT 9:57 A.M.) |
| 09:57:03 | 4 | THE CLERK:  CALLING LOWEST CASE 18-0154.  PERSONAL |
| 09:57:09 | 5 | WEB VERSUS ATLASSIAN, AND ALL PERSONAL WEB CASES SCHEDULED. |
| 09:57:27 | 6 | MR. SHERMAN:  GOOD MORNING, YOUR HONOR. |
| 09:57:28 | 7 | MICHAEL SHERMAN, STUBBS, ALDERTON, MARKILES.  I REPRESENT |
| 09:57:35 | 8 | THE PERSONAL WEB AND LEVEL 3 IN THOSE CASES THAT THEY FILED, AS |
| 09:57:41 | 9 | WELL AS I AM REPRESENTING THEM IN THEIR CAPACITY AS DEFENDANTS |
| 09:57:45 | 10 | IN THE CASE FILED. |
| 09:57:47 | 11 | I HAVE WITH ME MY COLLEAGUES, SANDEEP SETH AND |
| 09:57:51 | 12 | MR. WESLEY MONROE. |
| 09:57:59 | 13 | MR. HADDEN:  GOOD MORNING, YOUR HONOR. |
| 09:58:00 | 14 | DAVE HADDEN FOR AMAZON AND CUSTOMER DEFENDANTS.  I HAVE |
| 09:58:03 | 15 | WITH ME SAINA SHAMILOV AND PHIL HAACK. |
| 09:58:07 | 16 | THE COURT:  GOOD MORNING.  GOOD MORNING TO EVERYONE. |
| 09:58:13 | 17 | SO MY DOCKET EXPLODES EVERY DAY WHENEVER YOU TAKE A |
| 09:58:19 | 18 | BREATH, BECAUSE YOU TAKE A BREATH FIFTEEN TIMES BEFORE YOU CAN |
| 09:58:22 | 19 | DO ANYTHING. |
| 09:58:25 | 20 | AND CLEARLY, THIS MOTION IS, THE PRELIMINARY INJUNCTION OR |
| 09:58:29 | 21 | THE MOTION TO STAY, WHICHEVER SIDE WE ARE ON, IS AN ATTEMPT TO |
| 09:58:37 | 22 | BRING SOME ORDER TO WHAT IS OTHERWISE A LITTLE BIT OF CHAOS. |
| 09:58:42 | 23 | BUT LET ME START WITH WHAT I ASKED YOU TO BE PREPARED TO |
| 09:58:45 | 24 | DISCUSS.  I HAVE ABOUT 30 CASES IN ALL THAT PERSONAL WEB HAS |
| 09:58:48 | 25 | FILED AGAINST INDIVIDUAL DEFENDANTS, PLUS THE AMAZON CASE.  AND |

09:58:56  1     SO NOT ALL OF THE CASES ARE BEFORE ME TODAY, CORRECT?

09:59:01  2              MR. SHERMAN:  I BELIEVE THAT'S BECAUSE, FOR WHATEVER

09:59:03  3     REASON, MOTIONS FOR STAY WEREN'T FILED IN THOSE CASES, PERHAPS.

09:59:07  4              THE COURT:  RIGHT.

09:59:07  5              MR. SHERMAN:  I CAN'T THINK OF ANOTHER REASON.

09:59:09  6              MR. HADDEN:  THERE ARE CASES IN OTHER JURISDICTIONS,

09:59:12  7     YOUR HONOR.

09:59:12  8              THE COURT:  NO, I JUST MEAN THE 30 BEFORE ME, NOT ALL

09:59:15  9     OF THOSE CASES ARE FILING MOTIONS TO STAY RIGHT NOW.

09:59:18 10              MR. HADDEN:  CORRECT.  I THINK SOME OF THE DEFENDANTS

09:59:20 11     HAVE NOT BEEN SERVED, YOUR HONOR.

09:59:22 12              THE COURT:  THAT COULD BE.  OKAY.  AND THAT'S FINE.

09:59:25 13       SO I KNOW THAT YOU ARE GOING TO THE MDL COMMITTEE AT THE

09:59:29 14     END OF MAY.  AND I'M NOT ACTUALLY FAMILIAR WITH PATENT MDL'S, I

09:59:34 15     DON'T KNOW WHETHER YOU ARE.

09:59:35 16              MR. SHERMAN:  YOUR HONOR, INTERESTINGLY, THE *NATIONAL*

09:59:39 17     *LAW JOURNAL* HAD AN ARTICLE, I THINK APPROXIMATELY FOUR OR

09:59:43 18     FIVE WEEKS AGO SAYING, YOU KNOW, HEADLINE, THERE MAY BE MDL'S

09:59:50 19     IN PATENT CASES FOLLOWING TC HEARTLAND.

09:59:54 20              THE COURT:  YEAH.

09:59:55 21              MR. SHERMAN:  AND THE REPORTER WHO WROTE THIS ARTICLE

09:59:59 22     ABOUT THIS POTENTIALLY NEW DEVELOPMENT, AND THERE ARE SEVERAL

10:00:03 23     CASES, IT WAS REPORTED, BEFORE THE MDL PANEL NOW.

10:00:08 24       AND AS I'M SURE COUNSEL WOULD AGREE, ONE OF THE PRIMARY

10:00:13 25     ISSUES THERE IS GOING TO BE THE LEVEL OF COMMONALITY.  I MEAN,

10:00:18  1    THE ISSUE OF EFFICIENCY, I THINK IS FOREGONE, IF THERE'S

10:00:23  2    COMMONALITY.

10:00:25  3        SO WHAT HAD HAPPENED, IF I MAY, WAS IN EARLY JANUARY, MY

10:00:34  4    CLIENTS FILED PATENT CASES, PATENT LITIGATION CASES IN THE

10:00:40  5    NORTHERN DISTRICT, IN THE EASTERN DISTRICT OF TEXAS, IN

10:00:44  6    DELAWARE, IN THE SOUTHERN DISTRICT OF NEW YORK, AND THE EASTERN

10:00:47  7    DISTRICT OF NEW YORK, IN THE CENTRAL DISTRICT OF CALIFORNIA,

10:00:51  8    AND THERE ARE MORE CASES TO BE FILED BECAUSE MY CLIENT'S

10:01:01  9    PATENTS, WE BELIEVE, ARE BEING INFRINGED, OKAY.

10:01:05  10   AND AMAZON THEN FILED ITS DJ ACTION IN EARLY FEBRUARY.  WE

10:01:12  11   HAD BEEN WORKING ON AN MDL MOTION, AND THERE'S A LOT OF

10:01:17  12   PAPERWORK TO PUT TOGETHER WITH RESPECT TO THOSE MOTIONS.

10:01:22  13           THE COURT:  OF COURSE.

10:01:22  14           MR. SHERMAN:  AND THEN THE NEXT THING THAT HAD

10:01:24  15   HAPPENED WAS WE WERE SERVED WITH AMAZON'S PRELIMINARY

10:01:28  16   INJUNCTION MOTION THAT WE ARE HERE ON THIS MORNING.

10:01:31  17       WHEN I SAW THE PAPERS, I REALIZED, OH MY GOODNESS, WE GOT

10:01:36  18   A QUICK RETURN DATE ON THIS PI MOTION, AND THERE'S A LOT OF

10:01:39  19   WORK TO BE DONE.

10:01:42  20       AND SO ONE'S FIRST INSTINCT, OF COURSE, IS TO CALL

10:01:47  21   OPPOSING COUNSEL, AND WE HAD A VERY PLEASANT CONVERSATION, AND

10:01:49  22   I SAID MR. HADDEN, I NEED SOME MORE TIME, AND HE WAS GRACIOUS

10:01:53  23   ABOUT IT.

10:01:54  24       AND I SAID, BY THE WAY, WE ARE FILING OUR MDL MOTION THE

10:01:58  25   NEXT DAY OR TWO OR THREE, WHY DON'T WE TRY TO DO THIS IN SOME

10:02:04  1    STAGED OR EFFICIENT WAY, WE DON'T THINK YOU ARE RIGHT ON THE PI

10:02:09  2    MOTION, YOU THINK YOU ARE RIGHT ON THE PI MOTION.

10:02:12  3        BUT ULTIMATELY, AT THE END OF THE DAY, ESPECIALLY SINCE

10:02:17  4    YOU AGREE WITH US, THIS IS ALL COMMON.  WHY DON'T WE GET BEFORE

10:02:22  5    THE MDL PANEL SO WE CAN BRING SOME EFFICIENCY TO THIS PROCESS

10:02:26  6    AND NOT HAVE TO DEAL WITH MULTIPLE JUDGES.

10:02:29  7        BY THE WAY, YOUR HONOR WAS SELECTED BY US AS A

10:02:34  8    RECOMMENDATION TO THE MDL PANEL.  CONGRATULATIONS.

10:02:38  9            THE COURT:  THAT'S A BACKHANDED COMPLIMENT, IF EVER I

10:02:42  10    HEARD ONE.

10:02:42  11            MR. SHERMAN:  SO THE DISCUSSION THAT ENSUED WAS, HAVE

10:02:48  12    THE PI MOTION GO FORWARD AFTER THE MDL.

10:02:51  13            THE COURT:  SO WHAT'S INTERESTING TO ME ON THIS,

10:02:54  14    MR. SHERMAN, IS IF I WERE TO GRANT THE PI MOTION, I DON'T THINK

10:02:59  15    THERE WOULD BE ANY NEED FOR AN MDL.

10:03:01  16        AND SO THEN I'M IN THIS, WELL, BECAUSE THEN I'VE STAYED

10:03:07  17    ALL CASES YOU HAVE BROUGHT, OR COULD BRING UNTIL I RESOLVE THE

10:03:12  18    AMAZON ISSUES.  AND THERE'S NO REASON FOR AN MDL.

10:03:16  19        AND I'M NOT SUGGESTING THAT THE MDL COMMITTEE WOULDN'T SEE

10:03:19  20    IT DIFFERENTLY, YOU MIGHT STILL WANT TO BRING THEM ALL TO ME SO

10:03:24  21    THAT I COULD SUPERVISE THE RESOLUTION OF THE DISPUTE.  AND I

10:03:27  22    NEVER HAVE A POSITION ON WHETHER IT SHOULD BE AN MDL OR NOT.

10:03:31  23    BUT I KNOW THAT THE MDL COMMITTEE GENERALLY ADVISES JUDGES TO

10:03:39  24    WHO THESE INDIVIDUAL CASES TO CONTINUE AND HEAR AND DECIDE

10:03:41  25    MATTERS IN THE NORMAL COURSE AND PAY NO ATTENTION TO THE MDL

10:03:45  1    HEARING SCHEDULE.  AND I RESPECT THAT.

10:03:48  2         AND YET, MANY JUDGES STAY CASES PENDING THAT DECISION.

10:03:54  3         MR. SHERMAN:  WE'VE DONE THAT IN NEW YORK, FOR

10:03:57  4    EXAMPLE, AND IN THE EASTERN DISTRICT OF TEXAS, FOR EXAMPLE.

10:04:00  5         THE COURT:  RIGHT.

10:04:00  6         MR. SHERMAN:  AND SO THE POINT IS WHETHER IT WAS WITH

10:04:02  7    THE FENWICK AND WREST OFFICE, BECAUSE THEY'VE APPEARED ON

10:04:05  8    BEHALF OF MANY DEFENDANTS ALL OVER THE PLACE, OR WITH OTHER

10:04:08  9    COUNSEL IN THOSE FEW INSTANCES, WE'VE GOTTEN TO THE POINT, I

10:04:16  10   BELIEVE.

10:04:16  11        AND BY THE WAY, YOUR HONOR, IF THERE ARE TECHNICAL

10:04:19  12   QUESTIONS THAT ARISE, I MAY HAVE TO ASK ONE OF MY COLLEAGUES TO

10:04:23  13   JUMP IN.  I HOPE YOUR HONOR DOESN'T MIND.

10:04:25  14        THE COURT:  YOU KNOW WHAT, I WOULD MUCH RATHER HEAR

10:04:31  15   ONCE FROM THE PERSON WHO CAN ANSWER THE QUESTION THAN ONCE FROM

10:04:36  16   THE PERSON WHO CAN'T AND THEN FROM THE ONE WHO CAN.  I WELCOME

10:04:39  17   THAT.

10:04:39  18        MR. SHERMAN:  OKAY.  THANK YOU.

10:04:40  19        SO WE ARE NOT AVERSE TO HEARING WHAT OTHER TRIBUNALS MIGHT

10:04:48  20   HAVE TO SAY ON THE ISSUE OF EFFICIENCY AND ECONOMY BEFORE

10:04:53  21   HURDLING IN.

10:04:54  22        YOUR HONOR DID MAKE THE OBSERVATION THAT, WELL FROM AN

10:04:58  23   EFFICIENCY STANDPOINT, IF THE PI MOTION WERE GRANTED, MAYBE

10:05:04  24   THAT'S THE MOST EFFICIENT THING AND THERE WOULDN'T EVEN NEED TO

10:05:07  25   BE --

10:05:08  1        THE COURT:  WELL, IT'S NOT INEFFICIENT, IT JUST NEEDS

10:05:11  2   TO BE CORRECT.

10:05:12  3        MR. SHERMAN:  I UNDERSTAND.

10:05:13  4     PUNISHING SAUDI ARABIA, THEY PUNISH PEOPLE FOR JAY WALKING

10:05:16  5   BY CAPITAL PUNISHMENT, SO THERE'S NO JAY WALKING.  SO BY

10:05:20  6   ANALOGY, I'M SUGGESTING THAT WE HAVE SOME VERY GOOD REASONS WHY

10:05:24  7   SUBSTANTIVELY, MERITS-WISE, THE PI MOTION OUGHT NOT BE GRANTED.

10:05:28  8        PERHAPS ONE OF THE MORE IMPORTANT ONES BEING THE DATATERN

10:05:36  9   DECISION OUT OF THE FEDERAL CIRCUIT REQUIRES A CASE -- WELL,

10:05:39  10  THE ARTICLE III AND THE DATATERN DECISION REQUIRES A CASE FOR

10:05:43  11  CONTROVERSY.

10:05:44  12       AND SINCE PERSONAL WEB LEVEL 3 HAVE NOT FILED A COMPLAINT

10:05:50  13  AGAINST AMAZON ALLEGING DIRECT INFRINGEMENT BY AMAZON, AMAZON

10:05:55  14  COULD, IF IT SO CHOSE, SEEK TO INTERVENE IN THOSE ACTIONS, AND

10:06:01  15  THEY'VE ALREADY FILED A BRIEF BEFORE THE MDL PANEL.

10:06:07  16       YOUR HONOR HAD REMARKED IN AN EARLIER MATTER ABOUT THE

10:06:10  17  NEEDLESS PROLIFERATION OF LITIGATION, AND I COULDN'T AGREE

10:06:15  18  MORE, WHICH IS WHY EITHER THE MDL PANEL IS GOING TO ACKNOWLEDGE

10:06:21  19  THE FACT THAT THERE'S A LOT OF COMMONALITY HERE ON ISSUES SUCH

10:06:25  20  AS THE USE OF THE RUBY ON RAILS ARCHITECTURE THAT WE ALLEGE IN

10:06:30  21  CONJUNCTION WITH THE INDIVIDUAL DEFENDANT'S CONTROL OVER ETAGS,

10:06:36  22  IS THE THEORY OF INFRINGEMENT, OR THEY ARE GOING TO SAY, NO,

10:06:41  23  LET'S JUST HAVE 55 CASES.

10:06:43  24       THE COURT:  THE MDL ISSUE, AND YOU KNOW MORE ABOUT

10:06:46  25  THIS THAN I DO, THE AMERICAN INVENTS ACT ELIMINATED THE

10:06:51  1    OPPORTUNITY FOR A PLAINTIFF TO SUE MULTIPLE DEFENDANTS IN A

10:06:54  2    SINGLE CASE.

10:06:55  3            MR. SHERMAN:  THAT'S RIGHT.

10:06:56  4            THE COURT:  OKAY.  SO NOW HERE WE ARE GOING TO AN

10:06:59  5    MDL, ISN'T THAT A BACK DOOR WAY AROUND THE AI A?

10:07:02  6            MR. SHERMAN:  WELL, YOU KNOW, I DON'T BELIEVE --

10:07:06  7            THE COURT:  IS THAT A YES?

10:07:07  8            MR. SHERMAN:  NO, IT'S NOT A YES, BECAUSE CONGRESS,

10:07:10  9    IN ITS WISDOM, DECIDED THAT IT DIDN'T WANT TO HAVE A WHOLE

10:07:15 10    BUNCH OF FOLKS GOING TO THE EASTERN DISTRICT OF TEXAS, OR WHAT

10:07:19 11    WE WILL CALL PLAINTIFF-FRIENDLY JURISDICTIONS, AND SO THEY

10:07:22 12    DIDN'T WANT THAT KIND OF RAMPANT VENUE FORUM SHOPPING.

10:07:30 13        AND YET, YOU KNOW, AMAZON, IT'S PAPERS EXCORIATES US FROM

10:07:36 14    FILING A LOT OF LAWSUITS.  WELL, YOU CAN'T HAVE IT BOTH WAYS.

10:07:40 15            THE COURT:  SO THAT'S NOT MY CONCERN.  YOU CAN FILE

10:07:42 16    AS MANY LAWSUITS AS YOU WANT.  AND YOU HAVE TO DO EACH ONE

10:07:47 17    SEPARATELY, AND THEN HERE -- BUT AGAIN, THE MDL COMMITTEE WILL

10:07:51 18    HAVE TO GRAPPLE WITH THAT ISSUE AND IT MAY OR MAY NOT BE A

10:07:54 19    CONCERN OF THE PARTIES.

10:07:56 20        WHAT I'M LOOKING AT HERE, AND I'M NOT SURE WHETHER I WOULD

10:08:00 21    STAY THIS ACTION JUST UNTIL THE MDL RULES, I'M LESS INCLINED TO

10:08:06 22    DO THAT SINCE I HAVE SO MANY OF THEM, THAT, YOU KNOW, IF I HAD

10:08:09 23    ONE CASE, I WOULDN'T WANT TO BE THE LONE PERSON WANDERING IN

10:08:14 24    THE DESSERT OUT THERE BEYOND ANYONE ELSE, BUT I HAVE THE

10:08:19 25    OVERWHELMING MAJORITY OF THE FILED CASES, SO I THINK I NEED TO

10:08:22  1    MOVE FORWARD.

10:08:23  2        OKAY.  THE OTHER THING I WANT TO MOVE INTO IS I HAVE TWO

10:08:29  3    SIDES OF A COIN.  I'M ASKED TO EITHER GRANT A PRELIMINARY

10:08:34  4    INJUNCTION ON BEHALF OF AMAZON TO ENJOIN PERSONAL WEB FROM

10:08:42  5    PURSUING ANY OF, WE WILL CALL THEM CUSTOMER CASES, UNTIL THE

10:08:47  6    DECLARATORY RELIEF ACTION IS CONCLUDED.  SO THAT WOULD HAVE

10:08:51  7    SCOPE BEYOND THE CASES I HAVE.

10:08:52  8        OR IN THE ALTERNATIVE, SEPARATE MOTION BY THE INDIVIDUAL

10:08:57  9    DEFENDANTS TO STAY THE CASE PENDING CONCLUSION.

10:09:01 10        YOU'VE BRIEFED IT AND INTERCHANGED THE WORDS, AND I KNOW

10:09:04 11    YOU ARE JUST GIVING ME ALTERNATIVES, AND I REALLY APPRECIATE

10:09:08 12    THAT.  I AM MORE INCLINED TO STAY THE CASES ON AN INDIVIDUAL

10:09:14 13    BASIS AND THEN SUA SPONTE STAY, ISSUE AN ORDER TO SHOW CAUSE

10:09:19 14    WHY I SHOULDN'T STAY THE REMAINDER OF THEM.

10:09:21 15        I KNOW I DON'T HAVE, IF THERE'S NO SERVICE I HAVE TO WAIT

10:09:25 16    ON THAT, BECAUSE I THINK THAT MIGHT BE A MORE PRUDENT WAY TO

10:09:30 17    PROCEED.

10:09:32 18        SO LET'S GET INTO THE SUBSTANCE HERE NOW.

10:09:34 19            MR. SHERMAN:  MAY I GET MY NOTES AT COUNSEL TABLE?

10:09:36 20            THE COURT:  SURE.

10:09:37 21            MR. HADDEN:  IF WE ARE GOING TO ARGUE, IT'S OUR

10:09:39 22    MOTION, CAN I ARGUE, YOUR HONOR?

10:09:40 23            THE COURT:  SO I'M GOING TO MENTION A FEW ISSUES AND

10:09:42 24    THEN I WANT TO HEAR FROM YOU.

10:09:43 25            MR. HADDEN:  SURE.  THANK YOU, YOUR HONOR.

10:09:44  1          THE COURT:  AND THIS COURTROOM, I'M STRUGGLING TO GET

10:09:47  2     THE SOUND SYSTEM RIGHT.  I'M NORMALLY IN A SMALLER COURTROOM.

10:09:50  3     SO I NEED YOU RIGHT THERE, AND I'M SORRY YOU HAVE TO BE THERE.

10:10:00  4          MY VIEW OF THE PAPERS IS THAT I AGREE WITH MR. HADDEN THAT

10:10:03  5     THE AMAZON CASE SHOULD GO FORWARD TO RESOLUTION.  AND I WILL

10:10:09  6     SAY THAT I SPENT QUITE A BIT OF TIME, MR. SHERMAN, READING THE

10:10:14  7     COMPLAINT AND READING THE EXPERT REPORTS THAT YOU PROVIDED,

10:10:19  8     BECAUSE ON THE PRELIMINARY INJUNCTION, OF COURSE YOU NEEDED

10:10:21  9     EVIDENCE.

10:10:23 10          AND I AM NOT SATISFIED THAT YOU HAVE ADEQUATELY ALLEGED

10:10:27 11     THE ROLE THAT RUBY ON RAILS PLAYS, OR THAT YOU EVEN CAN BASED

10:10:36 12     ON DR. RUSS'S REPORT OR DECLARATION, I SUPPOSE.  AND THAT WOULD

10:10:43 13     BE MADE CLEAR TO ME IN INFRINGEMENT CONTENTIONS.

10:10:47 14          BUT WHAT DOES SEEM CLEAR IS THAT THE PRELIMINARY

10:10:53 15     INJUNCTION MOTION DOES MAKE CLEAR THAT A SUBSTANTIAL, IF NOT

10:11:01 16     ALL OF THE ISSUES PRESENTED, OVERLAP AND CAN BE DETERMINED,

10:11:09 17     BECAUSE WHAT -- IT APPEARS WHAT AMAZON IS ASKING FOR IN

10:11:14 18     DECLARATORY RELIEF IS A FINDING THAT NEITHER S3 OR THE TOOL KIT

10:11:19 19     TO CUSTOMERS THAT SHOWS HOW TO USE RUBY ON RAILS INFRINGES.

10:11:28 20          AND IT DOESN'T HAVE TO BE COMPLETE OVERLAP, IT DOESN'T

10:11:33 21     HAVE TO COMPLETELY RESOLVE THE CASE FOR ME TO ENJOIN OR STAY

10:11:37 22     BASED ON THE CUSTOMER EXCEPTIONS.

10:11:40 23          SO I'M INCLINED TO DO THAT.  AND I DON'T SEE -- I MEAN,

10:11:45 24     CERTAINLY EITHER WITH A PRELIMINARY INJUNCTION OR WITH A STAY,

10:11:52 25     IF YOU WERE TO ADEQUATELY ALLEGE DIFFERENTLY IN YOUR

10:11:55  1    INFRINGEMENT CONTENTIONS, THAT WOULD BE GROUNDS TO EITHER

10:11:59  2    MODIFY OR LIFT THE PRELIMINARY INJUNCTION OR LIFT THE STAY.

10:12:01  3        AND SO THIS IS, YOU KNOW, IN A SENSE, I'M GOING TO GIVE

10:12:04  4    YOU THE KEYS TO THE JAI HOUSE DOOR HERE IN LOCKING UP YOUR CASE

10:12:09  5    TO MAKE THOSE PLEADINGS.

10:12:11  6        BUT YOU BARELY MENTION RUBY ON RAILS.  YOU DON'T MAP IT ON

10:12:17  7    TO THE CLAIMED ELEMENTS AT ALL.  IT'S NOT EVEN CLEAR THAT IT

10:12:21  8    MAPS ON TO ALL OF THE CLAIMS THAT YOU'VE ASSERTED.

10:12:24  9        IT'S NOT EVEN CLEAR TO ME WHAT CLAIMS YOU ARE ASSERTING OR

10:12:29  10   HOW THIS -- I MEAN, THE COMPLAINT IS FINE AS FAR AS I'M

10:12:33  11   CONCERNED.

10:12:34  12       I MEAN, I KNOW WE USED TO DO A MUCH HIGHER LEVEL

10:12:38  13   COMPLAINT.  I'M NOT ASKING FOR AN AMENDMENT TO THE COMPLAINT,

10:12:41  14   AND MAYBE THERE WILL BE A MOTION TO DISMISS ON THAT VERY BASIS,

10:12:45  15   I'M NOT DECIDING THAT NOW, BUT THAT'S NOT MY CONCERN HERE.

10:12:48  16       I REALLY WANT TO SEE INFRINGEMENT CONTENTIONS WHERE YOU

10:12:49  17   HAVE TO ACTUALLY MAP IT.

10:12:51  18           MR. SHERMAN:  YOUR HONOR, IF I MAY, I OBVIOUSLY HAVE

10:12:54  19    A BIT OF THE LABORING ORE HERE.

10:13:02  20       YOUR HONOR INDICATED THAT THERE WAS CONSIDERATION OF THE

10:13:06  21   EXPERT REPORTS, AND I APPRECIATE THAT.  AND I'M NOT EXACTLY

10:13:13  22   SURE WHICH MOTION NOW WE ARE TALKING ABOUT.

10:13:17  23           THE COURT:  WELL, THEY AREN'T PARTICULARLY DIFFERENT

10:13:19  24    FROM EACH OTHER, ALTHOUGH THE EVIDENCE IS ONLY, I THINK,

10:13:23  25    SUBMITTED.

10:13:24  1          MR. HADDEN:  IN THE PRELIMINARY INJUNCTION.

10:13:28  2          THE COURT:  IN THE PRELIMINARY INJUNCTION.

10:13:29  3          MR. HADDEN:  YES, YOUR HONOR.

10:13:29  4          MR. SHERMAN:  THE REASON I MENTION THAT, YOUR HONOR,

10:13:31  5   IS THIS, I DO BELIEVE THAT THERE MAY BE SOME ELEMENT OF CART

10:13:39  6   BEFORE HORSE.

10:13:40  7          THE COURT:  OKAY.

10:13:41  8          MR. SHERMAN:  OKAY.  AND I TALK ABOUT CART BEFORE

10:13:43  9   HORSE BECAUSE, AND I ALLUDED TO THIS IN THE DATATERN FEDERAL

10:13:50  10  CIRCUIT DECISION, THIS IS WHAT THE COURT SAID, TO THE EXTENT

10:13:57  11  THAT APPELLEES ARGUE THAT THEY HAVE A RIGHT TO BRING THE DJ

10:14:04  12  ACTION SOLELY BECAUSE THEIR CUSTOMERS HAVE BEEN SUED FOR DIRECT

10:14:07  13  INFRINGEMENT, THEY ARE INCORRECT.

10:14:10  14      DATATERN HAS ACCUSED CUSTOMERS USING APPELLEE'S SOFTWARE

10:14:14  15  PACKAGES OF INFRINGING THE ASSERTED METHOD CLAIMS, BUT THERE

10:14:18  16  ARE NO ARGUMENTS THAT THERE'S A CASE FOR CONTROVERSY BETWEEN

10:14:20  17  DATATERN AND APPELLEES ON DIRECT INFRINGEMENT.

10:14:25  18      AND THAT ISSUE OF AMAZON'S CLAIM THAT WELL, SINCE WE ARE

10:14:37  19  INDEMNIFYING, THAT TAKES CARE OF IT ALL, AND WE HAVE STANDING

10:14:40  20  TO BE HERE, I BELIEVE -- AND ONCE YOUR HONOR DEALS WITH THE

10:14:50  21  12(B) MOTION TO DISMISS --

10:14:51  22          THE COURT:  OKAY.  SO MAYBE YOU JUST ANSWERED THE

10:14:53  23  QUESTION THAT WAS IN MY MIND AS YOU WERE SPEAKING.  WHERE DID

10:14:55  24  YOU BRIEF THAT?

10:14:56  25          MR. SHERMAN:  EXACTLY.  YOUR HONOR, THAT'S NOT SET

```
10:14:59   1    FOR HEARING UNTIL --
10:15:00   2            THE COURT:  OKAY.  SO I DON'T WANT TO HEAR ABOUT
10:15:03   3    DATATERN TODAY.
10:15:04   4            MR. SHERMAN:  BUT I BELIEVE IT'S --
10:15:05   5            THE COURT:  YOU HAD THE OPPORTUNITY TO BRIEF THAT.
10:15:06   6    I'M NOT GOING TO --
10:15:08   7            MR. SHERMAN:  YOUR HONOR, WE REFERENCED THAT IN OUR
10:15:09   8    PAPERS AND I --
10:15:11   9            THE COURT:  OKAY.  INCORPORATION BY REFERENCE IS A
10:15:14  10    PHRASE THAT'S WASTED.  I DON'T LOOK AT OTHER PAPERS.
10:15:16  11            MR. SHERMAN:  I DID NOT SAY IT WAS AN INCORPORATION
10:15:19  12    BY REFERENCE, YOUR HONOR.
10:15:20  13            THE COURT:  I DON'T SEE A CITATION TO DATATERN.
10:15:35  14         WELL, IN YOUR OPPOSITION TO THE MOTION TO STAY, THERE'S NO
10:15:39  15    TABLE BECAUSE IT'S NOT LONG ENOUGH, AND IN YOUR OPPOSITION TO
10:15:43  16    THE PRELIMINARY INJUNCTION, YOU DIDN'T ADDRESS THAT ISSUE.
10:15:47  17         MR. HADDEN, AM I MISSING SOMETHING?
10:15:48  18            MR. HADDEN:  NO.  YOU ARE NOT, YOUR HONOR.
10:15:51  19            MR. SHERMAN:  I DO REFERENCE IT.
10:15:53  20            THE COURT:  WHERE?
10:15:54  21            MR. SHERMAN:  I REFERENCE IT IN OUR OPPOSITION ON
10:15:56  22    PAGE 3 AT LINE 19.
10:15:57  23            THE COURT:  WHICH BRIEF ARE YOU LOOKING AT?
10:15:59  24            MR. SHERMAN:  I'M LOOKING AT DOCUMENT 37, THE
10:16:02  25    OPPOSITION TO PLAINTIFF'S CORRECTED MOTION TO ENJOIN DEFENDANTS
```

| | | |
|---|---|---|
| 10:16:06 | 1 | FROM LITIGATING -- |
| 10:16:08 | 2 | THE COURT:  AND WHICH PAGE ARE YOU ON? |
| 10:16:10 | 3 | MR. SHERMAN:  YOUR HONOR, I AM ON PAGE 3, LINE 19, |
| 10:16:18 | 4 | THROUGH PAGE 4, LINE 5. |
| 10:16:19 | 5 | THE COURT:  OKAY.  THERE IT IS. |
| 10:17:13 | 6 | MR. HADDEN:  I COULD RESPOND TO DATATERN IF YOU WOULD |
| 10:17:16 | 7 | LIKE, YOUR HONOR. |
| 10:17:17 | 8 | MR. SHERMAN RAISED THIS DATATERN ISSUE AFTER WE FILED OUR |
| 10:17:22 | 9 | COMPLAINT.  AND WE FILED AN AMENDED COMPLAINT EXPLICITLY |
| 10:17:27 | 10 | ADDRESSING HIS CLAIM THAT THERE WAS NO JURISDICTION UNDER |
| 10:17:29 | 11 | DATATERN. |
| 10:17:30 | 12 | FIRST, WE DISAGREE WITH THAT.  IN DATATERN, THERE WAS DJ |
| 10:17:36 | 13 | ACTION FILED BY MICROSOFT WITH RESPECT TO SOME PATENTS, AND I |
| 10:17:38 | 14 | THINK THE OTHER ONE WAS BY SAP. |
| 10:17:40 | 15 | AND THE FEDERAL CIRCUIT FOUND THAT FOR ALL BUT I THINK ONE |
| 10:17:46 | 16 | MICROSOFT CLAIM, THERE WAS JURISDICTION, BECAUSE THE |
| 10:17:50 | 17 | INFRINGEMENT CONTENTIONS EXPLICITLY CITED THE DOCUMENTS OF THE |
| 10:17:54 | 18 | SUPPLIER COMPANY, SAP OR MICROSOFT. |
| 10:17:57 | 19 | SO THAT, ALONE, WAS ENOUGH TO CREATE THE CASE OF |
| 10:17:59 | 20 | CONTROVERSY IMPLICITLY BETWEEN MICROSOFT AND THE PATENT. |
| 10:18:03 | 21 | THE COURT:  AND SO IN THIS CASE, THE COMPLAINT |
| 10:18:06 | 22 | ALLEGES S3 HAS A SIGNIFICANT -- |
| 10:18:10 | 23 | MR. HADDEN:  ALL OVER THE PLACE.  AND IF I GET TO MY |
| 10:18:13 | 24 | PRESENTATION, YOUR HONOR, I WILL EXPLAIN THAT TO THE COURT IN |
| 10:18:15 | 25 | DETAIL. |

10:18:16  1          THE OTHER POINT IN <u>DATATERN</u> IS THERE WAS AN INDEPENDENT

10:18:19  2    BASIS THAT THE COURT SAID EITHER THERE IS THIS KIND OF IMPLICIT

10:18:23  3    ALLEGATION AGAINST THE TECHNOLOGY SUPPLIER, OR IF THE

10:18:28  4    TECHNOLOGY SUPPLIER HAS AN INDEMNITY OBLIGATION, THAT, ALONE,

10:18:33  5    CREATES STANDING.

10:18:34  6          SO WE HAVE AN INDEMNITY OBLIGATION.

10:18:36  7          THE COURT:  SO THAT WOULD OPEN THE DOOR FOR YOU TO

10:18:38  8    INTERVENE AS AN ALTERNATIVE.

10:18:39  9          MR. HADDEN:  AS AN ALTERNATIVE.

10:18:40  10         BUT YOU DON'T HAVE TO INTERVENE IN 50 CASES, AND IT

10:18:44  11   DOESN'T MAKE A LOT OF SENSE.  SO WE AMENDED OUR COMPLAINT TO

10:18:48  12   EXPLICITLY PLEAD OUR INDEMNITY OBLIGATION AND AGREEMENT.

10:18:53  13         I WOULD LIKE TO THINK THAT I'M HERE ON BEHALF OF ALL THESE

10:18:56  14   CUSTOMERS BECAUSE THE UNIVERSE CHOSE ME, BUT IN FACT, WE ARE

10:19:01  15   HERE BECAUSE AMAZON IS HERE.

10:19:02  16         THE COURT:  MR. SHERMAN, I'M NOT GOING TO LET YOU

10:19:05  17   CONTINUE, I THINK THAT'S PROBABLY NOT GOING TO BE A SUCCESSFUL

10:19:08  18   ARGUMENT.  I WILL LOOK AT IT.

10:19:09  19         MR. SHERMAN:  THE REASON WHY I BELIEVE IT'S A

10:19:11  20   SUCCESSFUL ARGUMENT, AND I DO NOT WISH TO RUN AFOUL OF EITHER

10:19:16  21   COURT PROCEDURE OR JUST GOOD COMMON SENSE, WE DID A LOT MORE

10:19:20  22   THAN INCORPORATE <u>DATATERN</u> BY REFERENCE IN OUR OPPOSITION

10:19:24  23   PAPERS.

10:19:24  24         THE COURT:  NO, NO, IT WAS THERE, AND I APOLOGIZE

10:19:26  25   THAT I MISSED IT.

10:19:29  1        YOU KNOW, I WOULDN'T -- IT'S NOT FULLY DEVELOPED.  I WILL

10:19:36  2    LOOK AT IT, I WILL CERTAINLY LOOK AT IT.

10:19:38  3            MR. SHERMAN:  THAT WAS MY POINT, YOUR HONOR.

10:19:41  4        THERE IS AN ORDER HERE, AND I DON'T CLAIM TO -- YOUR HONOR

10:19:45  5    IS THE SUPREME AUTHORITY IN THIS COURTROOM ON THE ORDER, BUT

10:19:50  6    THERE IS A CART BEFORE HORSE ELEMENT TO THIS.

10:19:54  7        WE HAVE DISCUSSED IN GENERAL TERMS, WILLINGNESS TO STAND

10:19:59  8    DOWN UNTIL CERTAIN PREDICATE ACTIONS OCCUR, SUCH AS AN MDL.

10:20:08  9    MR. HADDEN SAID, WELL, IT WOULD HAVE BEEN INEFFICIENT TO

10:20:11  10   INTERVENE IN 50 ACTIONS.  YEAH, BUT YOU KNOW WHAT, IF THEY ARE

10:20:15  11   ALL IN ONE COURTROOM, NOT QUITE AS BIG A DEAL, I WOULD SAY

10:20:20  12   RESPECTFULLY TO THE COURT AND TO MR. HADDEN.

10:20:22  13       BUT ALSO, ALSO, GIVEN THAT THIS COURT'S AUTHORITY IS

10:20:28  14   BOUNDED BY, IS THIS A CASE OR CONTROVERSY, AND YOUR HONOR HAS

10:20:38  15   INDICATED A DESIRE TO THINK ABOUT THIS A LITTLE BIT MORE.

10:20:41  16           THE COURT:  SURE.

10:20:41  17           MR. SHERMAN:  I STARTED OUT BY SAYING WE FILED A

10:20:43  18   12(B)(1) MOTION TO DISMISS, IT IS SET FOR HEARING ON JUNE 14TH,

10:20:47  19   WE ARE HAPPY TO PROCEED IN A CONSENSUAL MANNER IN STAYING

10:20:55  20   THINGS HERE ON THE INDIVIDUAL CASES.

10:20:58  21       OF COURSE WE WOULD LIKE THE MDL PROCEEDING TO GET GOING.

10:21:02  22   BUT I THINK THAT THERE IS A, I WILL SAY IT AGAIN, A CART BEFORE

10:21:11  23   HORSE ELEMENT TO THIS, AMAZON CAN PLACE ITSELF IN WHATEVER

10:21:15  24   ARMOR IT WISHES AS THE PROTECTOR OF A CUSTOMER.

10:21:19  25       BY THE WAY, YOU NEED TO BE NOT ONLY A CUSTOMER, YOU NEED

10:21:22  1    TO BE A RESELLER.

10:21:23  2                THE COURT:  WELL, YOU KNOW, I'M NOT GOING TO, I DON'T

10:21:26  3     THINK IT'S QUITE THAT NARROW.

10:21:28  4          HERE'S THE REASON THAT I FOUND YOUR -- WE WILL GET INTO

10:21:32  5    MORE OF THE TECHNICAL ISSUES, THE COMPLAINT IS PLED AT A VERY

10:21:35  6    HIGH LEVEL.  BUT THEN I DID LOOK AT YOUR EXPERT'S DECLARATION,

10:21:40  7    AND I STILL DON'T UNDERSTAND, OR YOU HAVE NOT EXPLAINED, I

10:21:44  8    SHOULD SAY, AND THERE WILL BE PLENTY OF ROOM FOR ME NOT TO

10:21:48  9    UNDERSTAND, BUT I DON'T THINK YOU'VE EXPLAINED HOW AND WHAT

10:21:50  10   ROLE RUBY ON RAILS ACTUALLY PLAYS.

10:21:52  11         AND YOUR INFRINGEMENT CONTENTIONS WHICH OF COURSE AREN'T

10:21:56  12   DUE YET, THAT'S THE ACID TEST FOR YOU.

10:22:00  13         SO IT MAY BE THAT I NEED TO PARCEL OUT LIMITED STAYS TO

10:22:07  14   GET TO SOME TIME POINTS.

10:22:10  15         SO IT MAY BE, MR. HADDEN, IF THERE'S AN AGREEMENT TO STAY

10:22:15  16   ALL OF THE CASES BEFORE ME UNTIL I DECIDE THE MOTIONS TO

10:22:22  17   DISMISS ON CASE OR CONTROVERSY, AT LEAST UNTIL THAT TIME YOU

10:22:27  18   GET EXACTLY WHAT YOU WANT.  AND THEN I WILL HAVE IT FULLY

10:22:30  19   BRIEFED.

10:22:30  20         HAVE YOU BRIEFED THE MOTION TO DISMISS?

10:22:34  21             MR. HADDEN:  I THINK SO.  YES.

10:22:36  22             THE COURT:  IT'S ALL BRIEFED.  OKAY.  SO YOU'VE HAD A

10:22:39  23    CHANCE TO ADDRESS THE CASE FOR CONTROVERSY.

10:22:42  24             MR. HADDEN:  YES.

10:22:43  25             THE COURT:  EXCELLENT.  AND I HAVE NOT HAD A CHANCE

| | |
|---|---|
| 10:22:44 | 1 |

1    TO REALLY STUDY THAT.

2        SO -- AND BY THE TIME YOU COME BACK, I WILL KNOW FROM THE

3    COMMITTEE WHETHER ALL THE CASES WILL BE MINE, WHICH IS AN ADDED

4    BENEFIT.

5        AND YOU INDICATE THAT THE OTHER JUDGES HAVE STAYED THE

6    CASES PENDING THE MDL DETERMINATION.

7            MR. SHERMAN:  YES.

8            THE COURT:  SO IN FACT, AMAZON AND ALL THE

9    DEFENDANTS, UNTIL MAY 31ST, HAVE THE RELIEF YOU ARE SEEKING.

10           MR. HADDEN:  THAT'S TRUE, YOUR HONOR.

11           THE COURT:  GOOD.

12           MR. HADDEN:  IF I COULD JUST ADDRESS THE MDL POINT

13   JUST BRIEFLY.  MDL IS NOT THE TOOL TO SOLVE THIS PROBLEM.

14           THE COURT:  NO, IT'S NOT.

15           MR. HADDEN:  RIGHT.  BECAUSE AT THE END OF THE MDL,

16   ALL THE CASES GO BACK TO THEIR HOME COURTS FOR 50 DIFFERENT

17   TRIALS.

18           THE COURT:  YEP.

19           MR. HADDEN:  AND THAT'S WHY THE FEDERAL CIRCUIT IN

20   ROCKSTAR, GOOGLE AND NINTENDO SAID NO.  THE SOLUTION HERE IS

21   CUSTOMER GETS STAYED, ONE CASE GOES FORWARD.

22           THE COURT:  YEAH.

23       SO AS I SAID, I'M NOT PREPARED TO RULE ON THE CASE OR

24   CONTROVERSY ISSUE, SO I'M JUST GOING TO COMMENT THAT IF I FIND

25   THAT AMAZON CAN BRING ITS SUIT, I WOULD, I WOULD BE INCLINED TO

10:23:55  1    GRANT THE PRELIMINARY INJUNCTION.

10:23:57  2        I THINK THAT THIS IS A CUSTOMER SUIT.  I DO THINK THAT --

10:24:02  3    I MEAN, I AGREE WITH YOUR REPLY STATEMENT, MR. HADDEN, THAT I

10:24:05  4    ACTUALLY THINK THAT YOUR DECLARATORY RELIEF ACTION CAN RESOLVE

10:24:09  5    THE ENTIRE CASE BECAUSE YOU ALSO ALLEGE OR SEEK DECLARATORY

10:24:16  6    RELIEF ON THE TOOL KIT.

10:24:17  7            MR. HADDEN:  IN ADDITION, YOUR HONOR, THIS CASE

10:24:19  8    SHOULD BE BARRED, RIGHT.  WE HAVE LITIGATED THIS EXACT ISSUE.

10:24:22  9            THE COURT:  WELL, AND I DON'T NEED TO DECIDE THAT

10:24:24  10   EITHER.  I DON'T KNOW WHETHER THEY SHOULD BE BARRED OR NOT.

10:24:28  11   I'M ACTUALLY TRYING TO STAY WITH THE CUSTOMER USE ISSUE.

10:24:34  12       AND I DON'T AGREE THAT -- AND YOU CITED THE KAHN CASE, I

10:24:39  13   THINK.

10:24:39  14           MR. SHERMAN:  YES, WE DID.

10:24:40  15           THE COURT:  I THINK KAHN HAS BEEN LEFT BEHIND IN THE

10:24:44  16   DUST.  AND I THINK KATZ STARTED THAT, AND I REALLY -- IT SAYS

10:24:48  17   WHAT YOU SAY, AS YOU REPRESENT IT, BUT I JUST THINK IT HAS BEEN

10:24:53  18   SUPERSEDED BY FRESH THINKING ON THE BENEFIT OF THIS RULE.

10:24:58  19           MR. SHERMAN:  YOUR HONOR, I SENSE THAT THE COURT IS

10:25:04  20   EXTREMELY COMFORTABLE RIGHT NOW THAT, GIVEN A VOLUNTARY STAY OF

10:25:10  21   PROCEEDINGS IN THE TRIAL COURT, THAT JUNE 14TH WILL COME, WE

10:25:15  22   WILL SEE WHAT WILL HAPPEN WITH THE MDL, BECAUSE YOU ARE NOT

10:25:19  23   STAYING OR GOING TO THE MDL PANEL IN CHICAGO, I TAKE IT.

10:25:23  24           THE COURT:  I'M NOT GOING.  JUDGES DON'T GO TO THINGS

10:25:27  25   LIKE THAT.

10:25:27  1          MR. SHERMAN:  YOU ARE NOT STAYING MY PARTICIPATING --

10:25:29  2          THE COURT:  NO, NO, NOT AT ALL.

10:25:31  3      SO IN FACT, I GUESS IT WOULD ONLY BE A DISCOVERY -- I'M

10:25:34  4  NOT SURE -- I WOULD ONLY STAY, MAYBE DISCOVERY, BECAUSE I DON'T

10:25:38  5  KNOW WHAT ELSE --

10:25:40  6          MR. HADDEN:  NOTHING IS GOING ON, BUT I DO THINK IT'S

10:25:42  7  IMPORTANT FOR THE MDL PANEL TO KNOW IF -- THAT THIS COURT IS

10:25:47  8  CONSIDERING GRANTING THE PI INJUNCTION.

10:25:49  9          THE COURT:  SO -- BUT, WELL, MR. SHERMAN, IF THE

10:25:53  10  OTHER COURTS HAVE STAYED THEIR ACTIONS, THEY DIDN'T PROHIBIT

10:25:56  11  THE MDL FROM GOING FOR FORWARD EITHER.  SO IS THERE MAGIC

10:26:00  12  LANGUAGE?

10:26:01  13          MR. SHERMAN:  I HAVE NOT BEEN BEFORE A JUDGE LIVE YET

10:26:04  14  IN ANY OF THESE CASES WHERE THIS ISSUE WAS IN THIS DETAIL.

10:26:07  15          THE COURT:  WELL, FOR BETTER OR FOR WORSE, I ALWAYS

10:26:10  16  HAVE YOU COME IN FOR YOUR MOTIONS HERE.

10:26:12  17          MR. SHERMAN:  IT'S ALWAYS A PLEASURE TO SEE YOU,

10:26:13  18  YOUR HONOR.

10:26:14  19      THERE'S JUST A COUPLE OF POINTS THAT ARE SORT OF OUT THERE

10:26:17  20  NOW.  THE FIRST IS THE MDL, WHICH WE INTEND TO PROCEED.

10:26:20  21      OBVIOUSLY, IF COUNSEL WERE TO REPRESENT, I'M SURE HE

10:26:23  22  WOULDN'T, BUT IF THE COURT IS GOING TO GRANT THE PI THAT

10:26:26  23  YOUR HONOR HAS ALREADY INDICATED, FOR EXAMPLE, THAT YOU HAVEN'T

10:26:28  24  EVEN GOTTEN INTO THE ISSUE OF THE PRIOR AMAZON ACTION, SO I'M

10:26:34  25  SURE COUNSEL WOULDN'T GO THAT FAR.

10:26:37  1          BUT YOU'VE SUGGESTED ON SEVERAL OCCASIONS THIS MORNING,

10:26:43  2     READING THE COMPLAINT, READING THE COMPLAINT, READING THE

10:26:46  3     COMPLAINT, AND INTERESTINGLY, I'M TOLD BY MY VERY, VERY

10:26:52  4     EXPERIENCED PATENT COUNSEL, MR. SETH, MR. MONROE, AND

10:26:58  5     MR. MACEIKO, THAT WE WENT FAR, FAR, FAR BEYOND THE TWOMBLY

10:27:03  6     IQBAL REQUIREMENTS.  THAT'S WHAT THEY TOLD ME, FOR BETTER OR

10:27:07  7     FOR WORSE.

10:27:07  8          THE COURT:  I THINK THE COMPLAINT IS FINE.  I DIDN'T

10:27:09  9     HAVE ANY PROBLEM WITH IT.  I AGREE WITH YOU.

10:27:12 10          MR. SHERMAN:  I HAVE A PROBLEM WITH IT, YOUR HONOR.

10:27:14 11     WE WILL BE AMENDING THE COMPLAINT.

10:27:15 12          AND I'VE INDICATED THAT TO THE MDL PANEL, THAT WAS IN OUR

10:27:20 13     REPLY.  I EXPECT THAT THE AMENDMENT TO THE COMPLAINT WILL BE

10:27:26 14     READY IN APPROXIMATELY TWO WEEK'S TIME.  BUT THAT WAS AN FYI.

10:27:31 15          THE COURT:  OKAY.  THAT'S FINE, SURE.

10:27:33 16          MR. SHERMAN:  BUT ALSO, YOUR HONOR, SINCE WE ARE ON

10:27:35 17     THE SUBJECT OF STAY, BY THE WAY, IN EARLY FEBRUARY, THE PTAB

10:27:44 18     ISSUED AN ORDER ON ONE OF THE PATENTS THAT IS THE SUBJECT OF

10:27:51 19     THIS LITIGATION, THE '310 PATENT.  THIS WAS IN THE CASE OF

10:27:57 20     PERSONAL WEB AND APPLE COMPUTER.  AND THIS INTER PARTES REVIEW

10:28:04 21     RESULTED IN A PTAB DECISION INVALIDATING THE '310 PATENT.

10:28:16 22          THIS WAS THE SAME PANEL THAT WAS REVERSED BY THE FEDERAL

10:28:21 23     CIRCUIT.

10:28:21 24          THE COURT:  I MEAN, I GET REVERSED, AND I DON'T THINK

10:28:25 25     ANYONE THINKS I'M WRONG FOREVER MORE.

```
10:28:30   1        MR. SHERMAN:  YOUR HONOR, YOU ARE NOT GOING TO FIND

10:28:32   2   ANY DISAGREEMENT.  THIS IS MORE OF AN FYI, THIS WAS NOT IN OUR

10:28:36   3   PAPERS, THIS WAS NOT IN COUNSEL'S PAPERS, THIS IS A RECENT

10:28:39   4   DEVELOPMENT, THERE HAS BEEN AN ORDER BY THE PTAB, IT IS BEING

10:28:42   5   APPEALED TO THE FEDERAL CIRCUIT.

10:28:43   6        THE COURT:  OKAY.  SO NO ONE HAS ASKED ME TO STAY THE

10:28:46   7   CASES BECAUSE OF IPR PROCEEDINGS.

10:28:48   8        MR. HADDEN:  NO, YOUR HONOR.

10:28:48   9        MR. SHERMAN:  EXACTLY.

10:28:49  10        THE COURT:  THAT'S FINE.  I JUST WANTED TO SAY THAT.

10:28:52  11        MR. SHERMAN:  I JUST WANTED TRANSPARENCY.

10:28:54  12        THE COURT:  LET ME JUST SAY, MR. SHERMAN, IF YOU WANT

10:28:56  13   TO AMEND THE COMPLAINT, THAT'S FINE.  AND IF IT'S OPPOSED OR

10:28:59  14   STIPULATED OR WHATEVER, IT COULD CAUSE ME TO TERMINATE ALL

10:29:02  15   PENDING MOTIONS, BECAUSE THEY DON'T RELATE TO THE OPERATIVE

10:29:06  16   PLEADING.

10:29:07  17        MR. SHERMAN:  WELL --

10:29:08  18        THE COURT:  SO PLEASE UNDERSTAND THAT, WHICH COULD

10:29:11  19   CAUSE YOU TO LOSE THE JUNE 14TH DATE.

10:29:13  20        MR. SHERMAN:  I --

10:29:19  21        THE COURT:  I SAY THIS BECAUSE I DON'T WANT YOU TO BE

10:29:21  22   UNAWARE OF POTENTIAL CONSEQUENCES.

10:29:26  23        MR. SHERMAN:  THOSE ARE NOT CONSEQUENCES THAT WOULD

10:29:27  24   NECESSARILY CAUSE ME TO STAY UP AT NIGHT.  I MEAN, THEY ARE

10:29:30  25   CONSEQUENCES, BUT THIS IS WHAT HAPPENS IN THE CONDUCT OF
```

```
10:29:33   1    LITIGATION.

10:29:34   2              THE COURT:  OKAY.

10:29:34   3              MR. SHERMAN:  THE POINT IS THAT WE'VE SPENT, MY

10:29:37   4    CLIENT HAS INVESTED CONSIDERABLE RESOURCES STUDYING THIS, THE

10:29:42   5    COMPLEXITIES OF THE HDT PROTOCOL.  AND THESE PATENTS PREDATE

10:29:51   6    THE MODERN DAY INTERNET AS WE KNOW IT.

10:29:53   7         SO THE POINT IS --

10:29:54   8              THE COURT:  THAT'S WHY THEY ARE EXPIRED.

10:29:58   9              MR. SHERMAN:  IF EVERYTHING STAYS ON TRACK AND

10:30:05  10    NOTHING IS TAKEN OFF CALENDAR, YOUR HONOR, I WOULD LIKE THE

10:30:09  11    OPPORTUNITY, IF YOU WOULD LIKE, I WILL MAKE A MOTION, I WILL

10:30:13  12    MEET AND CONFER WITH MR. HADDEN, YOU KNOW, THE DECLARATION OF

10:30:19  13    MR. SHENOY WAS FILED IN THE REPLY PAPERS, AND THEY COULD HAVE

10:30:23  14    FILED IT IN THEIR MOVING PAPERS.

10:30:25  15              THE COURT:  I KNOW.

10:30:25  16              MR. SHERMAN:  AND I'M NOT CAPABLE STANDING HERE --

10:30:30  17              THE COURT:  SURE.

10:30:30  18              MR. SHERMAN:  -- OF REFUTING THAT IN ANY --

10:30:34  19              THE COURT:  WELL, AND I AM VERY SYMPATHETIC TO THAT

10:30:36  20    POSITION YOU WERE PUT IN TO HAVE THIS LENGTHY REPORT.  BUT, YOU

10:30:41  21    KNOW, I AM REALLY LOOKING AT, YOU DIDN'T HEAR ME MENTION THAT

10:30:45  22    AS A BASIS FOR MY TENTATIVE LEANING TO GRANT THE MOTION.  I WAS

10:30:51  23    BASING IT ON YOUR COMPLAINT AND YOUR EXPERT.

10:30:54  24         SO, YOU KNOW, I REALLY UNDERSTAND GETTING HIT WITH A

10:31:00  25    200-PAGE SUPPLEMENT IN THE REPLY BRIEF IS VERY DIFFICULT.  BUT
```

10:31:06  1      I -- I WOULD, OF COURSE, RATHER SEE A MOTION FOR PRELIMINARY

10:31:13  2      INJUNCTION AFTER THE INFRINGEMENT CONTENTIONS ARE FILED, BUT

10:31:16  3      I'M NOT GOING TO HAVE THAT LUXURY.

10:31:18  4          AND THAT'S WHY I SUGGESTED THAT EVEN IF I WERE TO GRANT,

10:31:22  5      EITHER FORM OF RELIEF, THAT I WOULD MAKE IT CLEAR THAT YOU

10:31:27  6      COULD SEEK MODIFICATION OF AN INJUNCTION OR LIFTING OF A STAY

10:31:32  7      UPON FILING OF INFRINGEMENT CONTENTIONS THAT DO THE MAPPING

10:31:35  8      THAT WOULD BE REQUIRED THERE.

10:31:37  9          AND I THINK -- BECAUSE BOTH A STAY AND AN INJUNCTION HAVE

10:31:41  10     TO BE NARROWLY TAILORED IN A SHORTENED TIME AS POSSIBLE TO

10:31:47  11     PROTECT THE INTEREST OF THE PARTIES.

10:31:49  12         AND SO WITH THIS COMPLAINT, WHICH I FIND TO BE, IT'S FINE,

10:31:52  13     IT'S COMPLETELY ADEQUATE, BUT --

10:31:55  14              MR. SHERMAN:  THANK YOU.

10:31:55  15              THE COURT:  BUT IT ISN'T ADEQUATE FOR THIS MOTION.

10:31:59  16     HENCE, DR. RUSS'S SUPPLEMENTAL, AND HE DIDN'T SAY WHAT I WOULD

10:32:05  17      HAVE EXPECTED HOPED HIM TO SAY.

10:32:07  18         AND SO I SAT BACK FROM THAT AND I -- IN WHAT I COULD SEE

10:32:11  19     AT THIS POINT, IT MAY BE THAT DR. RUSS IS UNABLE TO MAP THE

10:32:19  20     PRODUCTS ON TO THESE CLAIMS UNTIL YOU HAVE SOME DISCOVERY.  AND

10:32:23  21     I APPRECIATE THAT.

10:32:24  22              MR. SHERMAN:  AND THAT'S OUR POSITION AS WELL,

10:32:26  23      YOUR HONOR.

10:32:27  24              THE COURT:  SURE.  AND I'M NOT GOING TO LET YOU HAVE

10:32:28  25      THAT RIGHT NOW.  BUT --

10:32:30  1          MR. SHERMAN:  I'M SORRY, DID YOU SAY YOU ARE NOT

10:32:32  2    GOING TO LET US?

10:32:33  3          THE COURT:  THERE IS GOING TO BE A STAY, THERE WON'T

10:32:37  4    BE ANY DISCOVERY, CORRECT?

10:32:38  5          MR. SHERMAN:  WHAT I WAS SAYING, YOUR HONOR, IS WE

10:32:40  6    ARE PREPARING WITHOUT THE BENEFIT OF ANY DISCOVERY, TO PROPOSE

10:32:46  7    OUR AMENDED COMPLAINT.

10:32:47  8          THE COURT:  THAT'S FINE.

10:32:48  9          MR. SHERMAN:  OKAY.

10:32:49  10          THE COURT:  THAT, YOU CAN DO.

10:32:50  11      ALL RIGHT.  SO HERE'S WHAT I THINK I'M GOING TO DO TODAY,

10:32:54  12    WE'VE GOT, BECAUSE SO MANY BALLS ARE IN THE AIR, AND

10:32:58  13    MR. SHERMAN IS ABSOLUTELY CORRECT THAT I HAVE TO BE CERTAIN OF

10:33:01  14    SUBJECT MATTER JURISDICTION, SO IF THE AMAZON CASE CAN'T

10:33:06  15    PROCEED, THEN THERE'S A WHOLE DIFFERENT SITUATION, PERHAPS

10:33:09  16    INTERVENTION WILL HAVE TO BE CONSIDERED AT THAT POINT, BUT

10:33:13  17    BASED UPON THE AGREEMENT OF THE PARTIES, I AM GOING TO STAY

10:33:16  18    THIS CASE WITH THE EXCEPTION OF MDL ACTIVITY UNTIL JUNE 14TH

10:33:22  19    WHEN YOU RETURN TO COURT ON THE PREVIOUSLY FILED MOTION TO

10:33:26  20    DISMISS.

10:33:27  21      IN THE EVENT THAT AN AMENDED PLEADING IS FILED, THEN I

10:33:32  22    WILL HAVE TO LOOK AT IT.  BUT I MAY TERMINATE WITHOUT

10:33:36  23    PREJUDICE, THE PENDING MOTIONS AND CONTINUE THE STAY UNTIL

10:33:41  24    THERE HAS BEEN -- WELL, I GUESS THERE WILL BE A FURTHER

10:33:49  25    MOTION -- I MEAN, THE MOTION TO DISMISS IS FILED BY THE

10:33:52  1    DEFENDANTS, YOU'RE OPPOSING THE MOTION BASED ON NO CASE OR

10:33:57  2    CONTROVERSY.

10:33:58  3          NO, I GUESS UNDER DEC RELIEF, IT'S YOUR MOTION.  I'M

10:34:02  4    SORRY, I'M GETTING CONFUSED.

10:34:04  5          IN THE AMAZON CASE, DO YOU WANT TO AMEND?

10:34:06  6          MR. SHERMAN:  NO, WE WISH TO AMEND --

10:34:08  7          THE COURT:  SO THEN THE AMAZON --

10:34:10  8          MR. HADDEN:  THEY WANT TO FILE 55 NEW CUSTOMER SUITS.

10:34:14  9          THE COURT:  SO THEN THE AMAZON CASE MIGHT HAVE TO BE

10:34:17 10    AMENDED.

10:34:18 11          MR. HADDEN:  YOUR HONOR, AT SOME POINT, THEY FILED 50

10:34:20 12    COMPLAINTS.  WE BROUGHT OUR PI MOTION BASED ON THOSE

10:34:25 13    COMPLAINTS.  AND AS YOUR HONOR RECOGNIZED, THE COMPLAINTS AS

10:34:28 14    PLED, THEIR THEORY MAPS TO AMAZON.

10:34:31 15          NOW IF THEY ARE GOING TO CONCOCT SOME NEW COMPLAINT, I

10:34:36 16    DON'T KNOW WHERE THAT LEADS US, THEY CAN'T JUST TRYING TO PLEAD

10:34:40 17    THE THEIR WAY OUT OF THE FACT THEY ARE ACCUSING AMAZON.

10:34:44 18          THE COURT:  WELL, I DON'T WANT TO MAKE THIS MORE

10:34:46 19    DIFFICULT.  I WANTED TO GIVE MR. SHERMAN THE OPPORTUNITY.

10:34:49 20          MR. HADDEN:  I UNDERSTAND, YOUR HONOR.

10:34:49 21          THE COURT:  SO -- AND I GOT BALLED UP IN THIS.  SO

10:34:52 22    THE MOTION TO DISMISS IS YOUR MOTION --

10:34:57 23          MR. HADDEN:  NO, THEIR MOTION.

10:34:58 24          THE COURT:  YOUR MOTION TO DISMISS THE DECLARATORY

10:35:00 25    RELIEF BASED ON NO CASE OR CONTROVERSY.  OKAY.

10:35:03  1          AND THAT'S SET FOR JUNE 14TH.  AND NO AMENDMENT IS GOING

10:35:06  2      TO BE FILED THERE.  THAT'S GOING TO GO FORWARD.  OKAY.  GOOD.

10:35:10  3          I'M GOING TO STAY THIS ACTION UNTIL JUNE 14TH WITH THE

10:35:16  4      EXCEPTION OF THE MDL ACTIVITY, OF COURSE.

10:35:19  5              MR. SHERMAN:  AND IF WE CHOOSE TO FILE AN AMENDED --

10:35:23  6              MR. HADDEN:  WELL, NO, IF IT IS STAYED, THEY

10:35:28  7      SHOULDN'T BE FILING THE AMENDED COMPLAINT.

10:35:30  8              THE COURT:  SO THEN YOU CAN'T AMEND.

10:35:31  9              MR. SHERMAN:  I WILL SEND COUNSEL THE PROPOSED

10:35:33 10      AMENDED -- I DON'T REALLY UNDERSTAND HIS POINT.

10:35:35 11          I DON'T THINK THAT COUNSEL IS SUGGESTING THAT BY ANY

10:35:39 12      CONSTRUCTION OF THE FEDERAL RULES OF CIVIL PROCEDURE, THAT WE

10:35:42 13      ARE COMPLETELY DENIED ANY OPPORTUNITY EARLY IN THE CASE BEFORE

10:35:45 14      THERE'S BEEN ANY PROCEEDINGS TO SEEK TO AMEND OUR OWN

10:35:47 15      COMPLAINTS.

10:35:50 16              THE COURT:  YOU PROBABLY HAVE TO FILE A MOTION

10:35:51 17      BECAUSE IT'S MORE THAN --

10:35:54 18              MR. HADDEN:  YEAH.

10:35:54 19              MR. SHERMAN:  THERE'S BEEN NO RESPONSIVE PLEADING

10:35:56 20      FILED.

10:35:57 21              THE COURT:  YOU HAVEN'T FILED A MOTION TO DISMISS THE

10:35:59 22      INDIVIDUAL CASES.

10:36:01 23              MR. HADDEN:  NO.  WE'VE ANSWERED.

10:36:04 24              THE COURT:  SO I THINK YOU MIGHT BE ABLE TO -- OKAY.

10:36:16 25      SORRY.  THIS PUZZLE IS GETTING TO ME WITH THE TWO CASES.  IF I

10:36:22  1    STAY ALL OF THE INDIVIDUAL CASES, THEN YOU CAN'T FILE A MOTION

10:36:25  2    TO AMEND.

10:36:26  3              MR. SHERMAN:  I CAN SEND HIM A PROPOSED MOTION.

10:36:28  4              THE COURT:  YOU COULD SEND --

10:36:30  5              MR. HADDEN:  HE COULD SEND ME WHATEVER HE WANTS.

10:36:31  6              MR. SHERMAN:  I'M JUST TRYING TO BE PRACTICAL ABOUT

10:36:34  7    THIS, AND THE FACT IS THAT EVERY ONE OF THE INDIVIDUAL CASES,

10:36:38  8    BY AGREEMENT BETWEEN COUNSEL, WE HAVE BEEN QUITE COOPERATIVE UP

10:36:43  9    THROUGH NOW.

10:36:44  10             THE COURT:  GOOD.

10:36:45  11             MR. SHERMAN:  FOLKS HAVE SAID, HEY, CAN WE HAVE AN

10:36:48  12   EXTENSION, SURE, WE GOT MDL COMING UP.

10:36:51  13             THE COURT:  SURE.

10:36:51  14             MR. SHERMAN:  NOW ALL THE SUDDEN I'M HEARING

10:36:53  15   SOMETHING ELSE.  WE'VE ANSWERED NO, THEY HAVEN'T ANSWERED.

10:36:56  16   MAYBE I WILL GET ANSWERS ON MONDAY TO ALL 55.

10:36:59  17         ALL I'M SUGGESTING IS THAT YES, THIS IS COMPLICATED, BUT I

10:37:03  18   DON'T BELIEVE THAT THAT SUSPENDS THE OPERATION OF THE NORMAL

10:37:07  19   RULES OF AMENDMENT BECAUSE WE INVESTED A LOT BEFORE WE FILED

10:37:11  20   AND WE ARE INVESTING A LOT --

10:37:13  21             THE COURT:  SO NOW YOU ARE SAYING YOU ARE NOT

10:37:15  22   AGREEING TO A STAY UNTIL JUNE 14TH?

10:37:17  23             MR. SHERMAN:  YOUR HONOR, I AM AGREEABLE TO A STAY.

10:37:20  24             THE COURT:  BUT THEN YOU CAN'T FILE YOUR AMENDMENT.

10:37:22  25             MR. SHERMAN:  OKAY.  SO I WILL SEND COUNSEL BY

10:37:25  1    PROPOSED AMENDED COMPLAINT.

10:37:26  2              THE COURT:  OKAY.

10:37:27  3              MR. SHERMAN:  AND I WILL INDICATE TO THE MDL PANEL

10:37:29  4    THAT WE HAVE A PROPOSED -- I ALREADY HAD INDICATED TO THE MDL

10:37:33  5    PANEL THAT.  I AM TRULY SEARCHING FOR SOMETHING THAT IS

10:37:38  6    PRACTICAL AND EFFICIENT.

10:37:40  7              THE COURT:  ALL RIGHT.

10:37:40  8              MR. SHERMAN:  RECOGNIZING THAT --

10:37:42  9              THE COURT:  THANK YOU.

10:37:43 10              MR. SHERMAN:  -- THIS IS COMPLICATED.

10:37:44 11              THE COURT:  SO THIS IS COMPLICATED.

10:37:45 12         AND PUTTING ASIDE THE MDL, IF I HAVE MERELY 30 CASES, I

10:37:50 13    DON'T THINK I WOULD ACT VERY DIFFERENTLY THAN IF I HAVE 56.

10:37:53 14         BUT WE WILL NEED TO DISCUSS EITHER PROCEEDING ALONG THE

10:37:57 15    LINES OF THE AMAZON CASE, THAT'S WHAT MR. HADDEN HAS SUGGESTED,

10:38:03 16    OR LETTING YOU LITIGATE YOUR BEST CASE.

10:38:06 17              MR. SHERMAN:  THAT'S FINE.

10:38:06 18              THE COURT:  I MEAN, AS ONE -- AND STAYING ALL THE

10:38:10 19    REST, AND SEEING HOW THE BEST CASE COMES OUT.  AND IF YOU LOSE

10:38:13 20    THE BEST CASE, THEN I -- YOU KNOW, I THINK EVEN A FAIRLY

10:38:20 21    MIDDLING MEDIATOR CAN TAKE CARE OF THE REST OF THE CASES.

10:38:23 22    BECAUSE IF I NEEDED TO SCHEDULE 30 TRIALS, I WANT YOU TO KNOW

10:38:27 23    THAT MY NEXT AVAILABLE TRIAL DATE IS IN FEBRUARY OF 2022.

10:38:31 24              MR. SHERMAN:  OH, I WAS CLOSE.

10:38:33 25              THE COURT:  SO IF I WERE TO DO BACK-TO-BACK PATENT

10:38:36   1     TRIALS, IT WOULD TAKE ME TO MY RETIREMENT.

10:38:39   2          SO THAT'S WHY I SAY WE ARE PROBABLY GOING TO PICK, AND I

10:38:43   3     WILL LET YOU PICK IT, I MEAN, YOU WILL HAVE HAD -- I WILL GIVE

10:38:46   4     YOU AMPLE OPPORTUNITY.

10:38:48   5          MR. SHERMAN:  THAT'S FINE.

10:38:48   6          THE COURT:  AND THEN TO -- BUT WE WILL TALK ABOUT

10:38:51   7     THAT.  I HAVE TO MANAGE 30 CASES, UNLESS THE MDL PANEL DECIDES

10:38:54   8     TO SEND THEM TO NEW YORK OR SOMEWHERE ELSE AND SOME OTHER OF MY

10:38:57   9     COLLEAGUES WILL COME UP WITH A BETTER WAY OF HANDLING THEM.

10:39:01  10          MR. SHERMAN:  I WOULD SAY A FAIR TO MIDDLING TRIAL

10:39:04  11     LAWYER, IF HE OR SHE THEY LOST THAT FIRST CASE, MIGHT FIGURE

10:39:06  12     OUT WHAT TO DO.

10:39:07  13          THE COURT:  YOU KNOW, JUDGE ALSUP INSTITUTED HIS

10:39:09  14     SHOOTOUT LAST YEAR WITH CLAIMS WHERE EACH SIDE PICKED ITS BEST

10:39:13  15     CASE AND HE HAD A TRIAL ON THOSE.  OF COURSE HIS SHOOTOUT WAS

10:39:18  16     THE HOCKEY KIND, I THOUGHT IT WAS A DUEL OF 50 PACES, BUT IT

10:39:23  17     TURNED OUT TO BE MORE LIKE THE DUEL THAN THE HOCKEY SHOOTOUT.

10:39:27  18          ALL RIGHT.  I THINK WE HAVE A PLAN RIGHT NOW.  I WILL

10:39:29  19     ANTICIPATE SEEING YOU AGAIN ON JUNE 14TH.  I WILL, BY AGREEMENT

10:39:34  20     OF THE PARTIES, STAY THE INDIVIDUAL CASES UNTIL THAT DAY, WITH

10:39:38  21     THE EXCEPTION OF ANY ACTIVITY ON THE MDL ACTION.

10:39:42  22          I WILL, AND I'M STAYING IT FOR THE PURPOSE OF RESOLVING

10:39:48  23     THE COURT'S JURISDICTION FIRST, WHICH I AM COMPELLED TO DO.

10:39:52  24     AND THAT ISSUE IS BRIEFED IN THE PENDING MOTION TO DISMISS.

10:39:54  25          SO I THINK THAT IS THE PROPER THING TO DO.  I THINK

10:39:57  1    MR. HADDEN, YOUR CLIENTS ARE ADEQUATELY PROTECTED.

10:40:01  2         ON JUNE 14TH, IT WOULD CERTAINLY BE MY HOPE THAT I CAN

10:40:06  3    GIVE YOU AN ORAL RULING, AND SO THEN I CAN DECIDE ON WHAT

10:40:10  4    HAPPENS WITH THE STAY BEYOND THAT.  AND THEN I MAY BE PREPARED

10:40:14  5    TO GIVE YOU A FURTHER RULING FROM THE BENCH TO BE FOLLOWED UP

10:40:17  6    WITH THE WRITTEN ON THE PRELIMINARY INJUNCTION AND THE MOTION

10:40:21  7    TO STAY.

10:40:22  8         I WILL HAVE THE BENEFIT OF THE MDL PANEL'S DETERMINATION,

10:40:27  9    USUALLY, I HEAR FROM THEM WITHIN A WEEK OF THE HEARING.

10:40:32  10         MR. SHERMAN:  WOULD YOUR HONOR CARE TO SEE A CHAMBERS

10:40:38  11    COPY OF A NON-FILED, TO-BE-FILED AMENDED COMPLAINT?

10:40:44  12         THE COURT:  I THINK THAT WHAT I'M GOING TO DO THERE,

10:40:46  13    BECAUSE THERE'S A STAY, IS THAT GO AHEAD AND SEND THE INFORMAL

10:40:51  14    COPY TO MR. HADDEN, AND IF THE TWO OF YOU AGREE THAT IT WOULD

10:40:55  15    BE OF BENEFIT TO ME, YOU CAN SEND IT TO ME JOINTLY.

10:40:58  16         BUT I'M NOT GOING TO -- BECAUSE OTHERWISE I DON'T WANT IT

10:41:01  17    TO LOOK LIKE, MR. HADDEN, WHAT I GIVE WITH ONE HAND, I TAKE

10:41:04  18    BACK WITH THE OTHER.

10:41:05  19         MR. HADDEN:  UNDERSTOOD, YOUR HONOR.

10:41:06  20         ON THE PI MOTION ITSELF, ARE WE GOING TO HAVE AN ARGUMENT

10:41:09  21    ON THAT ON JUNE 14TH OR --

10:41:11  22         THE COURT:  SO I WON'T HAVE TIME ON JUNE 14TH.

10:41:15  23    LET'S NOW, WE HAVE --

10:41:17  24         MR. HADDEN:  I'M HAPPY TO ARGUE IT NOW.

10:41:19  25         THE COURT:  AND I THINK YOU ARE PREPARED FOR IT NOW.

10:41:21  1          SO LET ME, YOU KNOW, I GUESS MR. HADDEN, I WANT TO HEAR

10:41:25  2     FROM YOU AS TO WHY THE PRELIMINARY INJUNCTION WOULD BE A BETTER

10:41:30  3     OUTCOME THAN THE STAY, OTHER THAN THE OBVIOUS THAT IT WOULD

10:41:35  4     AFFECT ANY FUTURE CASES AND CASES IN OTHER JURISDICTIONS.

10:41:39  5          IF THERE'S ANY OTHER BENEFIT, AND I THINK I WAS -- AND I

10:41:49  6     HAVE SOME CONCERN, I WANTED TO BE SURE, AND I THINK I AM NOW

10:41:55  7     THAT -- AT FIRST WHAT I THOUGHT YOU WERE ARGUING IN ALLEGING IN

10:42:01  8     YOUR DEC RELIEF ACTION WAS THAT S3 DID NOT INFRINGE.  AND EVEN

10:42:09  9     IF THAT'S TRUE, THAT WOULDN'T BE THE ANSWER AND IT WOULDN'T

10:42:13 10     NECESSARILY RESOLVE ANYTHING.

10:42:14 11          BUT THEN IN YOUR REPLY BRIEF, MAYBE THAT'S WHEN I FINALLY

10:42:18 12     UNDERSTOOD IT ALL, YOU ARE ALLEGING THE TOOL KIT AS WELL, WHICH

10:42:21 13     IS THE MISSING PRODUCT.

10:42:22 14              MR. HADDEN:  YES.  ALL OF THAT, YOUR HONOR.

10:42:24 15          AND I HAVE A TUTORIAL THAT MAY HELP EXPLAIN HOW THIS

10:42:27 16     ACTUALLY WORKS IF YOUR HONOR WANTS TO SEE IT.

10:42:29 17              THE COURT:  HOW LONG IS THAT PRESENTATION?

10:42:33 18              MR. HADDEN:  NOT LONG, IT'S JUST A FEW SLIDES.

10:42:36 19              THE COURT:  OKAY.  SURE.

10:42:38 20              MR. HADDEN:  AND I SEE YOUR FIRST QUESTION, THE BASIC

10:42:40 21      DIFFERENCE BETWEEN STAYING THESE CASES IN THE PI IS OBVIOUSLY

10:42:43 22      THE AFFECT ON OTHER JURISDICTIONS.

10:42:45 23          SO IF, YOU KNOW, DESPITE OUR OPPOSITION THE MDL GETS

10:42:49 24     GRANTED, ALL THE CASES COME TO YOU, YOU HAVE THE POWER TO STAY

10:42:53 25     THEM ALL.  YOU HAVE, EFFECTIVELY, THE SAME RELIEF.

10:42:55  1      THE ONLY OTHER ISSUE THAT I UNDERSTAND FROM MR. SHERMAN IS

10:42:59  2  THAT PERSONAL WEB WANTS TO KEEP FILING THESE SUITS.  AND THAT

10:43:03  3  IS A PROBLEM.  AMAZON HAS, I THINK, A MILLION SIMILARLY

10:43:07  4  SITUATED CUSTOMERS, AND JUST HAVING THEM GET PICKED OFF EITHER

10:43:13  5  ALONE OR IN BUNCHES, IS PROBLEMATIC.

10:43:18  6      SO IF THE COURT -- YOU KNOW, THE ISSUE YOU EXPRESSED TODAY

10:43:24  7  THAT THEY SHOULD BE RESOLVED IN A SINGLE CASE, EITHER AMAZON'S

10:43:29  8  DECLARATORY RELIEF ACTION OR SOME GENERIC CUSTOMER SHOULD GO

10:43:34  9  FORWARD AND FIGHT THAT.  THERE SHOULDN'T BE NEW CASES BEING

10:43:38  10  FILED.  THAT THEY ARE FILED, THEY SHOULD BE STAYED IMMEDIATELY.

10:43:41  11      THE COURT:  SO I UNDERSTAND WHERE WE ARE ON OPEN

10:43:43  12  SOURCE.

10:43:44  13      MR. HADDEN:  YEAH.  CAN I JUST COMMENT ON THAT?

10:43:44  14      THIS NOTION THAT THEY NEED ADDITIONAL INVESTIGATION AND

10:43:45  15  HAVE TO AMEND NOW, RUBY ON RAILS IS OPEN SOURCE.  THEY COULD

10:43:50  16  HAVE -- DR. ROSS COULD HAVE DONE ANYTHING HE NEEDED.

10:43:53  17      THE COURT:  THEY CAN BUY IT.

10:43:54  18      MR. HADDEN:  IT'S FREE.  IT'S OPEN SOURCE.  SO THEY

10:43:58  19  COULD EXAMINE IT UP THE WAZOO AND FIND WHATEVER THEY WANT.

10:44:01  20      AND THE FACT THAT, AS YOUR HONOR NOTED, DR. RUSS COULD NOT

10:44:06  21  MAP A CLAIM TO IT AFTER WHATEVER ANALYSIS HE DID, KIND OF

10:44:10  22  PROVES THE POINT, WHICH IS WHY SEEING A BUNCH OF THESE

10:44:14  23  COMPLAINTS FROM THESE GUYS IS NOT VERY ENCOURAGING.

10:44:18  24      MR. SHERMAN:  YOUR HONOR, I DID NOT GET THE SENSE IN

10:44:21  25  THE READING OF THESE PAPERS, AND I'M NOT REALLY SURE HOW THIS

10:44:24  1    WOULD WORK LEGALLY, THAT A PARTY THAT CLAIMS THAT THEIR PATENTS

10:44:34  2    ARE BEING INFRINGED, IS BEING ENJOINED FROM SUING AN INFRINGER.

10:44:43  3         I MEAN, I NEED TO SEE THAT IN THEIR PAPERS.  I DON'T KNOW

10:44:46  4    HOW THAT COEXISTS WITH DUE PROCESS OR ANY STATUTES OF

10:44:52  5    LIMITATION.

10:44:52  6         THE COURT:  SO I WAS WAY MORE COMFORTABLE WITH A STAY

10:44:55  7    WHERE I HAVE FAIR LATITUDE AND DISCRETION IN CONTROLLING CASES

10:45:02  8    ON MY OWN DOCKET AS OPPOSED TO AN INJUNCTION.  BUT I WANTED TO

10:45:05  9    HEAR FROM MR. HADDEN WHAT BENEFITS HE SAW FOR PROSECUTION OF

10:45:10  10   THESE CASES.

10:45:11  11        MR. SHERMAN, I THINK YOU RAISED AN IMPORTANT POINT, AND

10:45:17  12   THE -- I MEAN, I DON'T KNOW THAT AN INJUNCTION COULD PREVENT

10:45:21  13   YOU FROM FILING ACTIONS, IT COULD BE AN INJUNCTION THAT AFFECTS

10:45:26  14   THE PROCESS OF A CASE OR PROGRESS OF A CASE ONCE ITS FILED.

10:45:30  15        AND SO THOSE WOULD BE TWO DIFFERENT THINGS THAT WE WOULD

10:45:33  16   HAVE TO EXPLORE IN A LITTLE MORE DETAIL.  BUT I WOULD AGREE

10:45:37  17   WITH YOU, I CAN'T ENJOIN YOU FROM FILING CASES BECAUSE YOU

10:45:40  18   COULD LOSE RIGHTS.  AND I DIDN'T SEE THAT IN THE PAPERS.

10:45:43  19        THE COURT:  AND I DON'T THINK, I'M NOT GOING TO TAKE

10:45:46  20   THE TIME TO LOOK FOR THAT NOW.

10:45:47  21        SO GO AHEAD, MR. HADDEN.

10:45:49  22        MR. HADDEN:  SURE.  TIME TO ARGUE?

10:45:52  23        THE COURT:  YEAH.

10:45:52  24        MR. HADDEN:  OKAY.  GREAT.

10:46:14  25        (OFF-THE-RECORD DISCUSSION.)

10:46:21  1          THE COURT:  SO IS THIS SOMETHING I'M GOING TO GET ON

10:46:23  2     THE VIDEO?

10:46:24  3          MR. HADDEN:  YEAH, IF I COULD GET THE SCREEN ON.

10:46:26  4          MR. SHERMAN:  YOUR HONOR, WHILE THIS IS OCCURRING,

10:46:29  5     DOES THE COURT MIND IF I SIT AT COUNSEL TABLE?

10:46:31  6          THE COURT:  ABSOLUTELY.  PLEASE DO.  AT A PLACE WHERE

10:46:33  7     YOU CAN SEE THIS, I THINK YOU'VE GOT SCREENS THERE.

10:46:37  8          MR. HADDEN:  UNFORTUNATELY, I CAN'T SEE IT.  IS THERE

10:46:39  9     A SCREEN I CAN WHEEL OVER?  OKAY.

10:46:52 10          MR. SHERMAN:  YOUR HONOR, MAY WE GET A COPY OF

10:46:54 11     WHATEVER COUNSEL IS SHOWING?

10:46:55 12          MR. HADDEN:  HERE IS A COPY OF ONE.  AND IF I COULD

10:47:03 13     HAND UP SOME SLIDES TO YOUR HONOR.

10:47:05 14          THE COURT:  I APPRECIATE THAT.  THANK YOU.

10:47:30 15          MR. SHERMAN:  YOUR HONOR, WHILE WE ARE SETTING UP, IF

10:47:32 16     I MAY.

10:47:33 17       MR. HADDEN SAYS THEY HAVE A FEW SLIDES, AND I HAD INQUIRED

10:47:37 18     ABOUT THE OPPORTUNITY TO RESPOND TO DR. SHENOY'S -- I'M MAKING

10:47:43 19     SURE THAT THIS IS NOTED FOR THE RECORD THAT THIS IS, LIKE,

10:47:47 20     45 PAGES.

10:47:49 21          THE COURT:  I DIDN'T SEE ANYTHING FILED TO STRIKE THE

10:47:51 22     REPLY DECLARATION.

10:47:54 23          MR. HADDEN:  THEY ARE JUST DEMONSTRATIVES, I'M NOT

10:47:57 24     SURE WHAT THE BEEF IS.

10:47:58 25          MR. SHERMAN:  WE WEREN'T EVEN GIVEN THEM IN ADVANCE.

10:48:00  1        BUT REGARDLESS, I THINK THAT THIS HIGHLIGHTS THE

10:48:02  2    DESIRABILITY, IF WE ARE GOING TO GET TO A FINAL DETERMINATION

10:48:05  3    BY THIS COURT ON THE SUBJECT OF THE PRELIMINARY INJUNCTION

10:48:08  4    MOTION, THAT WE --

10:48:09  5        THE COURT:  SO MY RULING -- THE ISSUES BEFORE ME

10:48:14  6    TODAY HAVE VERY LITTLE TO DO WITH THE TECHNOLOGY, IT HAS TO DO

10:48:17  7    WITH THE PLEADING, NOT THE UNDERLYING TECHNOLOGY.  AND SO I

10:48:21  8    ASSUME THIS IS A COUPLE OF MINUTES.

10:48:24  9        MR. HADDEN:  YEAH.  IT'S NOT THAT LONG, YOUR HONOR.

10:48:26  10    I WANTED TO EXPLAIN WHAT THEY ARE PLEADING IN THEIR COMPLAINT

10:48:28  11    AND HOW THAT ACTUALLY WORKS IN S3.

10:48:31  12        THE COURT:  OKAY.

10:48:31  13        MR. HADDEN:  IF YOUR HONOR DOESN'T FIND IT HELPFUL, I

10:48:34  14    WILL OBVIOUSLY STOP.

10:48:35  15        THE COURT:  OKAY.

10:48:45  16        MR. HADDEN:  SO AS YOUR HONOR NOTED, AND I WILL JUST

10:48:47  17    START WITH THIS SLIDE 4 FROM THE COMPLAINT, RIGHT.  THEY TALK

10:48:53  18    ABOUT DEFENDANT'S UPLOAD THEIR CONTENT TO AMAZON S3, S3 THEN

10:48:59  19    GENERATES THESE ETAGS, AND THEN THERE'S A LOT OF DISCUSSION IN

10:49:04  20    THE COMPLAINT WITH THE USE OF THE ETAGS IN THESE CONFIDENTIAL

10:49:08  21    GETS, AND THIS IF-NONE-MATCH HEADERS.

10:49:13  22        AND THAT'S REALLY THE BASIS OF ALL OF THEIR CLAIMS AND ALL

10:49:16  23    OF THEIR MAPPINGS IN EVERY CLAIM OF THE COMPLAINT TO THE

10:49:20  24    ACCUSED TECHNOLOGY, WHICH IS S3.

10:49:22  25        SO JUST A LITTLE EXPLANATION FOR WHAT THIS REALLY MEANS IN

10:49:26  1    THE REAL WORLD, RIGHT.  SO S3, WHICH STANDS FOR SIMPLE STORAGE

10:49:30  2    SOLUTION, IS NOT VERY SIMPLE, AND IT'S VERY LARGE, BUT IT IS

10:49:39  3    AMAZON'S CLOUD STORAGE SERVICE.  AND IT HOLDS, KIND OF,

10:49:46  4    RIDICULOUS AMOUNTS OF DATA IN DATA CENTERS ALL OVER THE GLOBE,

10:49:50  5    BUT IT'S SIMPLE IN THAT IT PRESENTS A VERY SIMPLE SET OF

10:49:54  6    FUNCTIONS TO USE.

10:49:58  7         SO IT HAS THESE THINGS CALLED BUCKETS, WHICH ARE JUST KIND

10:50:01  8    OF LOGICAL COLLECTIONS OF OBJECTS.  SO IF YOU ARE A CUSTOMER,

10:50:05  9    YOU CAN HAVE YOUR OWN BUCKET AND THEN YOU PUT THINGS IN THE

10:50:08  10   BUCKET AND YOU GET THINGS OUT OF THE BUCKET.

10:50:10  11        AND THAT'S WHAT S3 DOES.  BUT IT DOES IT REALLY FAST,

10:50:14  12   REALLY RELIABLY WITH JUST RIDICULOUS AMOUNTS OF DATA.

10:50:18  13        SO A COMMON USE CASE, AND THE ONE THAT IS BEING ACCUSED IN

10:50:22  14   THESE COMPLAINTS, IS THAT IF YOU ARE A COMPANY THAT OPERATES A

10:50:27  15   WEBSITE, YOU WOULD STORE YOUR STATIC CONTENT IN S3.

10:50:33  16        SO THE THINGS LIKE THE IMAGES FOR YOUR WEBSITE, THE

10:50:36  17   JAVASCRIPT, THE STYLE SHEETS, THE STUFF THAT DOESN'T CHANGE FOR

10:50:39  18   A PARTICULAR CUSTOMER WHEN THEY GO TO THE SITE.

10:50:44  19        SO THE CUSTOMERS UPLOAD THAT STUFF INTO S3 AS OBJECTS INTO

10:50:48  20   THE BUCKET, AND S3 CALCULATES THIS THING CALLED AN ETAG.  IT'S

10:50:52  21   SHORT FOR ENTITY TAG.  AND IT'S BASICALLY -- IT'S A

10:50:57  22   MATHEMATICAL FUNCTION OF THE DATA IN THE OBJECT.

10:51:00  23        AND THE POINT OF IT IS BASICALLY A VERSIONING DEVICE.

10:51:05  24   BECAUSE IF THE DATA IN THE OBJECT CHANGES, THEN THE ETAG

10:51:08  25   CHANGES.  SO YOU CAN DETERMINE IF TWO OBJECTS ARE THE SAME BY

10:51:13  1   DETERMINING THEIR ETAGS INSTEAD OF COMPARING THE OBJECTS

10:51:16  2   THEMSELVES.  AND THAT'S THE POINT OF IT.  AND ETAGS ARE A

10:51:21  3   CONCEPT OF PART OF THE HTTP PROTOCOL, THEY ARE AN OPTIONAL

10:51:26  4   FEATURE.

10:51:27  5        SO THE WAY THAT THIS WORKS IN THE COMPLAINT IS THAT THE

10:51:30  6   CUSTOMER, HERE WEBCO, A GENERIC WEBSITE, UPLOADS THE STATIC

10:51:36  7   CONTENT INTO S3.  S3 GENERATES THIS ETAG, AND THEN WHEN A

10:51:41  8   CUSTOMER GOES TO THE WEBSITE, MAKES A REQUEST, TYPICALLY THE

10:51:45  9   WEBSITE WILL GENERATE SOME DYNAMIC CONTENT, THE ACTUAL HTML

10:51:51 10   THAT IT SENDS TO A SPECIFIC CUSTOMER.  IT SENDS IT BACK, AND

10:51:55 11   THAT HTML HAS A BUNCH OF EMBEDDED REQUESTS FOR THESE, THE

10:52:01 12   IMAGES AND ALL OF THAT.  THE REQUESTS ACTUALLY GO NOT TO THE

10:52:06 13   COMPANY'S WEB SERVER, BUT TO S3.  SO THEY GO DIRECTLY TO S3.

10:52:09 14   YOU PUT THE OBJECT IN, YOU GET IT OUT.

10:52:11 15        AND THERE ARE, ON THE ORDER, AS TREVOR ROWE INDICATED IN

10:52:17 16   HIS DECLARATION, 12 TRILLION SUCH REQUESTS A MONTH TO S3.  SO

10:52:23 17   BASICALLY GO TO ANY WEBSITE, AND IF YOU LOOK AT THE HTML

10:52:27 18   UNDERNEATH YOU WILL SEE S3 IN THERE FOR ALL THE IMAGES, BECAUSE

10:52:30 19   ALL OF THEM ARE STORED IN HERE, RIGHT.

10:52:33 20        AND SO, THE BROWSER GOES DIRECTLY TO S3, IT GETS THE IMAGE

10:52:40 21   BACK, THE BROWSER USES IT TO RENDER THE PAGE, YOU HAVE YOUR

10:52:44 22   PUPPY PICTURE.  THE BROWSER WILL TYPICALLY STORE THAT IMAGE IN

10:52:47 23   ITS CACHE, SO IF IT GOES BACK TO THE PAGE IT HAS THE

10:52:50 24   OPPORTUNITY TO USE IT AGAIN.

10:52:54 25        SO THE TRICK IS IF YOU INCLUDE AN ETAG, LIKE S3 DOES IN

10:52:58 1    RESPONSE, THERE'S SOMETHING CALLED A CONDITIONAL GET.  SO WHAT

10:53:02 2    HAPPENS IS IF THIS USER GOES BACK TO THE WEB PAGE OR A RELATED

10:53:07 3    WEB PAGE, GETS NEW HTML, THAT HTML HAS ANOTHER "GET" TO THE

10:53:13 4    SAME OBJECT NAME.

10:53:15 5        SO IT COULD BE PUPPY.JPEG, RIGHT.  IT'S THE IMAGE OF THE

10:53:21 6    DOG.  INSTEAD OF GOING TO S3 AND SAY, GIVE IT TO ME AGAIN, THE

10:53:25 7    BROWSER SENDS HIS CONDITIONAL GET.  SO IT SAYS, GET IT FOR ME,

10:53:32 8    IF NONE MATCH THIS ETAG.

10:53:34 9        SO BASICALLY IT SAYS, SENDS THIS REQUEST, GOES BACK UP TO

10:53:38 10   S3, S3 COMPARES THE ETAG IN THE REQUEST TO THE ETAG IT HAS FOR

10:53:45 11   THE CURRENT OBJECT.  IF THEY ARE THE SAME, IT SAYS YOU ARE

10:53:48 12   GOOD, SENDS IT IN THIS FORMAT, AND YOU CAN USE WHAT'S IN YOUR

10:53:54 13   CACHE.  SO THAT'S KIND OF THE BASIC PATH THAT THIS GOES TO.

10:53:58 14       THE ALTERNATIVE, OF COURSE, IS IF THE OBJECT HAS BEEN

10:54:01 15   CHANGED IN S3, SO IF THERE'S A NEW PUPPY IMAGE, THE WEBSITE

10:54:07 16   OPERATOR HAS CHANGED THEIR WEBSITE, STILL HAS THE SAME NAME,

10:54:10 17   PUPPY.JPEG, BUT IT'S DIFFERENT.

10:54:14 18       IT WILL GET A NEW ETAG, THE ETAG WILL BE DIFFERENT BECAUSE

10:54:17 19   THE IMAGE IS DIFFERENT.

10:54:18 20       THE COURT:  SO YOU ESSENTIALLY DISAGREE THAT RUBY ON

10:54:21 21   RAILS USES THE FINGERPRINT WHICH IS WHAT UPDATES THIS.

10:54:25 22       MR. HADDEN:  WE WILL GET TO RUBY ON RAILS, AND RUBY

10:54:28 23   ON RAILS HAS NOTHING TO DO WITH THIS.

10:54:30 24       THE COURT:  I'M NOT MAKING THAT DECISION, THAT'S JUST

10:54:32 25   YOUR ARGUMENT.

10:54:33  1          MR. HADDEN:  I WILL EXPLAIN THAT IN A SECOND.

10:54:34  2          SO NEW REQUEST, NEW HTML.  IT'S GOT A REFERENCE AGAIN TO

10:54:37  3     THE PUPPY IMAGE.  RESEND OUR CONDITIONAL GET FROM THE BROWSER,

10:54:42  4     SAME ONE, GOES UP TO THE ETAG.

10:54:45  5          NOW THE ETAGS DON'T MATCH BECAUSE THE PUPPY HAS BEEN

10:54:48  6     UPDATED IN S3.  SO INSTEAD, S3 SENDS BACK THE NEW PUPPY IMAGE

10:54:53  7     WITH THIS HTTP 200.  OKAY.

10:54:57  8          NEW IMAGE SHOWS, GETS REPLACED IN THE CACHE, RIGHT.

10:55:01  9          THIS IS EVERYTHING THAT THE COMPLAINT ACCUSES.

10:55:08  10          THE COURT:  IT'S PRETTY STRAIGHTFORWARD.

10:55:11  11          MR. HADDEN:  STRAIGHTFORWARD, RIGHT.  IT'S DONE A

10:55:13  12     ZILLION TIMES FOR MILLIONS OF CUSTOMERS ALL THE TIME.  NONE OF

10:55:13  13     THIS DEPENDS ON RUBY ON RAILS.

10:55:18  14          SO WHAT'S RUBY ON RAILS?

10:55:18  15          THE COURT:  WELL, I WILL WAIT TO SEE, THAT'S

10:55:20  16     PLAINTIFF'S JOB TO LET ME KNOW HOW RUBY ON RAILS CONTRIBUTES

10:55:25  17     HERE.

10:55:25  18          MR. HADDEN:  AS ALLEGED IN THE COMPLAINT, RUBY ON

10:55:27  19     RAILS DOES TWO THINGS.  IT'S USED BY WEBSITE OPERATORS TO BUILD

10:55:34  20     WEB APPLICATIONS, IT'S A FRAMEWORK.  AND USING THE AMAZON RUBY

10:55:40  21     SDK, THOSE CUSTOMERS CAN KIND OF AUTOMATE THE LOADING OF THEIR

10:55:47  22     DATA INTO S3.

10:55:50  23          NOW THERE'S THIS OPTIONAL FEATURE WHERE YOU CAN CREATE A

10:55:54  24     FINGERPRINT.  WHAT THE FINGERPRINT DOES THOUGH, IS IT GETS

10:55:57  25     ADDED TO THE NAME OF THE OBJECT.  SO INSTEAD OF PUPPY.JPEG,

10:56:02  1    IT'S PUPPYFINGERPRINT.JPEG.

10:56:05  2            THE COURT:  AND THAT IS A RUBY ON RAILS FUNCTION?

10:56:07  3            MR. HADDEN:  THAT IS THE ACCUSED FEATURE OF RUBY ON

10:56:09  4    RAILS.

10:56:09  5            THE COURT:  AND YOU DON'T DISAGREE WITH THE

10:56:11  6    FINGERPRINT.

10:56:11  7            MR. HADDEN:  I DON'T DISAGREE, BUT THE FINGERPRINT

10:56:14  8    JUST BECOMES PART OF THE NAME FOR THE OBJECT IN S3, RIGHT.

10:56:17  9         SO NOW WE HAVE THIS RED OBJECT, IT'S GOT THE NAME.

10:56:20  10        THE KEY POINT IS THAT NONE OF THAT HAS ANYTHING TO DO WITH

10:56:24  11    THESE CONDITIONAL GETS.

10:56:25  12        CONDITIONAL GETS ARE ALL SPECIFIED BASED ON THE ETAG, NOT

10:56:30  13    THE NAME OF THE OBJECT OR THE FILE.

10:56:34  14        SO EVERYTHING IN THEIR COMPLAINT THAT REFERS TO

10:56:37  15    CONDITIONAL GETS, IF NONE MATCH HEADERS OR ETAGS, IS ALL BASED

10:56:41  16    ON THIS SIMPLE PROCESS THAT WE SAW IN S3.  AND IT'S THE SAME

10:56:47  17    PROCESS THAT HAPPENS, IF IT'S A RUBY ON RAILS OBJECT OR ANY

10:56:50  18    OTHER.

10:56:53  19        REQUEST THE OBJECT, YOU GET THE HTML, YOU GET THE "GET."

10:56:57  20    YOU GO UP TO S3, YOU GET THE OBJECT.  IT'S GOT A NAME THAT HAS

10:57:00  21    A FINGERPRINT IN IT, DOESN'T MAKE ANY DIFFERENCE TO THE WEB

10:57:03  22    BROWSER.  THE WEB BROWSER WILL MAKE THE CONDITIONAL GET BASED

10:57:06  23    OFF THE ETAG.  GOES BACK UP TO S3, EXACT SAME COMPARISON.

10:57:12  24            THE COURT:  SO I -- UNFORTUNATELY, I'M COMING TO THE

10:57:14  25     END OF THIS HOUR AND I AM GOING TO MOVE YOU ALONG.

10:57:16  1          MR. HADDEN:  YEAH.

10:57:17  2          THE COURT:  OKAY.  SO IS THERE ANY -- I WANT YOU TO

10:57:21  3   KNOW THAT, AS I SAY, I AM PROBABLY LEANING MORE TO A STAY THAN

10:57:29  4   TO AN INJUNCTION, BECAUSE I REALLY DON'T WANT TO CREATE THE

10:57:34  5   CONCERNS THAT MR. SHERMAN HAS ABOUT HIS FUTURE SUITS.  AND I

10:57:40  6   DON'T THINK I CAN REACH OUT THAT FAR AND IN ANY WAY PERIL HIS

10:57:46  7   CLIENT'S RIGHT TO FILE THOSE CASES TIMELY.  YOU CAN SERIALLY

10:57:55  8   ASK TO MODIFY AN INJUNCTION AS WELL, ONCE THERE'S AN IDENTIFIED

10:57:58  9   CASE.  SO THERE ARE WAYS TO DEAL WITH THIS, CERTAINLY.

10:58:02 10       SO LET ME JUST, IS THERE ANYTHING ELSE ON -- AND AGAIN,

10:58:05 11   JUST ON THE INJUNCTION OR STAY ISSUE.

10:58:08 12          MR. HADDEN:  NO, YOUR HONOR.

10:58:09 13       I DO THINK KATZ IN THE FEDERAL CIRCUIT AUTHORIZED

10:58:14 14   YOUR HONOR TO ENJOIN SUITS IN THIS SITUATION, AND THAT THE

10:58:19 15   GRANT OR DENIAL OF THAT INJUNCTION REQUEST IS IMMEDIATELY

10:58:23 16   APPEALABLE TO THE FEDERAL CIRCUIT.

10:58:25 17       SO I DON'T THINK THERE'S ANY DISPUTE ABOUT THE COURT'S

10:58:28 18   POWER.  AS A PRACTICAL MATTER, IF THE COURT IS GOING TO STAY

10:58:32 19   ALL OF THESE CASES, THE EFFECT IS GOING TO BE THE SAME.

10:58:36 20          THE COURT:  OKAY.

10:58:37 21       MR. SHERMAN, LET ME GIVE YOU THE LAST WORD HERE ON THIS.

10:58:41 22   I'M NOT GOING TO BE DECIDING THIS RIGHT NOW, BUT THIS IS WHEN

10:58:45 23   WE HAVE OUR --

10:58:46 24          MR. SHERMAN:  I UNDERSTAND, AND I WOULD LOVE THE

10:58:48 25   OPPORTUNITY, AND PERHAPS AT OUR NEXT HEARING, TO PRESENT OUR

10:58:50  1    OWN LITTLE SERIES OF IMAGES, CARTOONS, WHATEVER.

10:58:54  2         THE COURT:  ULTIMATELY, I HAVE A TUTORIAL ON YOUR

10:58:56  3    PATENT.

10:58:57  4         MR. SHERMAN:  I UNDERSTAND.  BUT WE WOULD LIKE THE

10:58:58  5    MINI-EARLY TUTORIAL AS WELL, AND I KNOW YOU DON'T WANT TO HEAR

10:59:01  6    IT TODAY.

10:59:03  7         WITH RESPECT TO SOME OF THE POINTS THAT COUNSEL JUST

10:59:06  8    RAISED, I DO THINK THAT THE ISSUE OF THE CUSTOMER SUIT

10:59:12  9    EXCEPTION NEEDS TO BE PUT IN ITS PROPER CONTEXT.

10:59:17  10        IT IS A CUSTOMER SUIT EXCEPTION THAT DEALS WITH RESELLERS.

10:59:21  11   IT WORKS GREAT WITH GUN GRIPS, IT WORKS GREAT WITH DEVELOPERS

10:59:28  12   OF SMART PHONES, SUCH AS THE GOOGLE CASE WHERE THE DEVELOPERS

10:59:33  13   WERE USING THE GOOGLE TECHNOLOGY AND THEY WERE SELLING THE

10:59:38  14   SMART PHONES.

10:59:39  15        THESE INDIVIDUAL DEFENDANTS ARE NOT IN THE BUSINESS, AND

10:59:40  16   IN FACT, ARE NOT RESELLING ANYTHING OF AMAZON S3.  WHILE THEY

10:59:48  17   MAY BE CUSTOMERS, THEY ARE NOT RESELLERS.

10:59:51  18        AND I BELIEVE THAT THE FOUNDATION OF THIS EXCEPTION TO THE

10:59:57  19   FIRST FILED SUIT DOCTRINE, IT'S AN EXCEPTION, WORKS ONLY IF YOU

11:00:02  20   ARE DEALING WITH CUSTOMERS WHO ARE RESELLERS.

11:00:07  21        I'M PLEASED THAT COUNSEL DOESN'T SPEAK ABOUT THE PRIOR

11:00:11  22   AMAZON ACTION, BECAUSE IT OFFERS THEM NO SUPER HERE FOR THE

11:00:19  23   REASONS THAT WE'VE INDICATED IN OUR OPPOSITION PAPERS.

11:00:23  24        BUT I THINK, IMPORTANTLY, THE AMAZON DJ ACTION WILL NOT

11:00:28  25   RESOLVE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS BECAUSE

```
11:00:31   1   PERSONAL WEB'S THEORY OF INFRINGEMENT REVOLVES AROUND RUBY ON

11:00:36   2   RAILS NOT S3, IT IS THE RUBY ON RAIL WEBSITE OWNER THAT

11:00:40   3   CONTROLS AND DRIVES THE USE OF ETAGS.  THEY ARE THE ONE THAT

11:00:47   4   CONTROL IT AND DRIVE IT, NOT AMAZON S3.

11:00:50   5        AND THEN FINALLY, YOUR HONOR, WE WOULD LIKE THE COURT AT

11:00:57   6   SOME POINT, IF YOU ARE CONSIDERING THIS, TO GIVE US THE

11:01:01   7   OPPORTUNITY TO PROVIDE SOME FORM OF A SUR REPLY WITH RESPECT TO

11:01:08   8   THE -- I'M SORRY IF I'M MISPRONOUNCING HIS NAME, THE

11:01:11   9   DECLARATION OF THEIR EXPERT.  MAYBE NOW, MAYBE WITH RESPECT TO

11:01:15  10   AN AMENDED COMPLAINT, BUT I THINK THAT THAT WOULD BE

11:01:18  11   APPROPRIATE.

11:01:18  12        THE COURT:  WELL, AS I SAID, I WASN'T REALLY RELYING

11:01:21  13   ON IT, BUT AS LONG AS IT'S IN THE RECORD, I DON'T KNOW THAT

11:01:27  14   IT'S --

11:01:29  15        MR. SHERMAN:  WELL, WE READ THE COURT'S STANDING

11:01:30  16   ORDERS ON REPLY DECLARATIONS, THERE WAS NO REASON TO SAY STRIKE

11:01:34  17   IT.  IT'S NOT THAT IT WAS EVIDENTIARY --

11:01:36  18        THE COURT:  WHAT WOULD YOU LIKE AS A SUR-REPLY

11:01:38  19   THOUGH, WHAT ARE YOU ASKING FOR?

11:01:40  20        MR. SHERMAN:  I'M ASKING FOR --

11:01:41  21        THE COURT:  I HAVE LIMITS, I MEAN, I'M NOT GOING TO

11:01:43  22   JUST OPEN THE GATES.  DO YOU WANT A THREE-PAGE BRIEF AND A

11:01:47  23   FIVE-PAGE DECLARATION?

11:01:48  24        MR. SHERMAN:  YES.

11:01:48  25        THE COURT:  THERE YOU ARE.
```

11:01:50  1          MR. SHERMAN:  DON'T STOP WHEN YOU'RE AHEAD.

11:01:52  2          THE COURT:  WE WILL DO BUSINESS WELL, MR. SHERMAN.  I

11:01:56  3   LIKE THAT.  AND HOW MUCH TIME WOULD YOU LIKE?

11:01:57  4          MR. SHERMAN:  TWO WEEKS.

11:01:58  5          THE COURT:  THAT'S REASONABLE.  OKAY.  THAT'S GOOD.

11:02:05  6      LET ME -- NOW, I UNDERSTAND FROM MY COURTROOM DEPUTY I

11:02:09  7   WILL SEE YOU ON JUNE 7TH, NOT JUNE 14TH.

11:02:11  8          MR. SHERMAN:  OH.

11:02:13  9          THE COURT:  APPARENTLY THERE WAS --

11:02:14  10         MR. SHERMAN:  I WAS LOOKING AT THE PAPERS.

11:02:16  11         THE COURT:  THAT'S RIGHT, AND APPARENTLY WHEN IT ALL

11:02:19  12  CAME OUT.

11:02:19  13      SO THE STAY WILL BE UNTIL THE HEARING.  YOU UNDERSTAND IF

11:02:24  14  I'M NOT READY TO RULE, I MAY EXTEND IT, AND I'M HOPING TO KNOW

11:02:27  15  FROM THE MDL COMMITTEE AT THAT POINT.

11:02:29  16      NOW YOU MAY RUN TO THE MDL COMMITTEE, MR. SHERMAN, AND

11:02:33  17  SUGGEST A DIFFERENT JUDGE AFTER THIS HEARING, I DON'T KNOW.

11:02:35  18         MR. SHERMAN:  OH, THERE'S NO WAY THAT'S GOING TO

11:02:37  19  HAPPEN, YOUR HONOR.

11:02:38  20      AND HAVE A HAPPY FLAG DAY SINCE I WON'T SEE YOU ON THE

11:02:41  21  14TH.

11:02:42  22         THE COURT:  ALL RIGHT.

11:02:43  23      I THINK THAT TAKES CARE OF EVERYTHING.  THIS IS, YOU KNOW,

11:02:48  24  NECESSARILY BY THE COMPLEXITY OF THE NUMBER OF PARTIES AND

11:02:51  25  ISSUES FLOATING AROUND, MY GUESS IS THESE HEARINGS WILL BE A

```
11:02:54   1    LITTLE BIT LENGTHY WHEN WE HAVE THEM.

11:02:56   2         AND ONCE I GET -- ONCE THE GROUND STOPS MOVING AND I KNOW

11:03:00   3    WHAT I ACTUALLY HAVE AND ONCE YOU'VE SERVED ALL THE PARTIES

11:03:05   4    THAT THERE ARE GOING TO BE, WE WILL PROBABLY HAVE TO HAVE SOME

11:03:08   5    KIND OF OMNIBUS CASE MANAGEMENT CONFERENCE WHERE WE CAN REALLY

11:03:13   6    SPEND A COUPLE OF HOURS MAPPING OUT HOW WE PROCEED.

11:03:17   7         BECAUSE, WELL, AS I SAY, I COULD END UP WITH ZERO OF THESE

11:03:20   8    CASES, JUST MY 30, BECAUSE IT'S NOT AN MDL, OR ALL OF THEM.

11:03:24   9    AND I DON'T KNOW HOW THE MDL COMMITTEE WORKS.  THEY DON'T ASK

11:03:29  10    MY OPINION.

11:03:30  11             MR. SHERMAN:  UNDERSTOOD.

11:03:30  12         THANK YOU VERY MUCH FOR YOUR TIME.

11:03:31  13             THE COURT:  ALL RIGHT.  THANK YOU ALL.

11:03:45  14             MR. SHERMAN:  WE ARE TOLD THAT THERE WAS A CMC TODAY.

11:03:50  15     IS THERE A CMC SET IN THE DJ ACTION?

11:03:53  16             THE COURT:  YOU KNOW WHAT, I MISSED THAT ENTIRELY.

11:03:57  17     IS THAT RIGHT, WE HAD A CMC IN YOURS?

11:04:00  18             MR. MONROE:  I THINK YOU GUYS HAD, IN THE ONE OF THE

11:04:03  19    MINUTE ORDERS, I THOUGHT I REMEMBER SEEING ONE WAS A CMC.

11:04:13  20             THE COURT:  FOR THE AMAZON CASE?

11:04:15  21             MR. MONROE:  I THINK IT WAS IN THE SAME ORDER THAT

11:04:17  22    RESET THE HEARING DATE OF THE MOTION TO DISMISS TO --

11:04:21  23             THE COURT:  SO THAT'S ON THE 7TH.

11:04:23  24             MR. MONROE:  BUT I THOUGHT IT SET A CMC DATE ALSO.

11:04:27  25             THE COURT:  OH, YOU DIDN'T MEAN TODAY HAVING A CMC.
```

11:04:32  1          MR. MONROE:  THE QUESTION IS WHETHER THAT SHOULD BE

11:04:35  2    MOVED OFF.

11:04:36  3          THE CLERK:  IT IS ALSO SET ON THE 7TH.

11:04:38  4          THE COURT:  I DON'T KNOW THAT IT'S BENEFICIAL TO HAVE

11:04:39  5    IT THEN.

11:04:40  6          MR. MONROE:  RIGHT.  THAT'S WHY I RAISED IT.

11:04:42  7          MR. SHERMAN:  I AGREE.

11:04:43  8          THE COURT:  ALL RIGHT.  I WILL PUT OUT AN ORDER

11:04:45  9    VACATING THAT CMC DATE.  AND WOULD YOU REMIND ME, WE WILL HAVE

11:04:50  10   TO FIGURE OUT WHEN TO RESET IT.

11:04:52  11       I WOULDN'T DO ANYTHING, I WOULDN'T KNOW UNTIL AFTER THE

11:04:55  12   MDL COMMITTEE IS DONE.  THANK YOU FOR MENTIONING THAT.  I WILL

11:04:58  13   VACATE THAT DATE.

11:05:00  14          MR. MONROE:  THANK YOU.

11:05:01  15       (THE PROCEEDINGS WERE CONCLUDED AT 11:05 A.M.)

          16

          17

          18

          19

          20

          21

          22

          23

          24

          25

1

2

3

4                    **<u>CERTIFICATE OF REPORTER</u>**

5

6

7

8          I, THE UNDERSIGNED OFFICIAL COURT

9    REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10   THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11   FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12   CERTIFY:

13          THAT THE FOREGOING TRANSCRIPT,

14   CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16   SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17   HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18   TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21

22

23

24   _____

25   SUMMER A. FISHER, CSR, CRR
     CERTIFICATE NUMBER 13185          DATED: 4/28/18